This is a Workmen's Compensation case. The record discloses that the claimant dropped a large can on the big toe at the time he was employed by Borden's Dairy. The injury grew progressively worse and some 60 or 90 days thereafter it became necessary to amputate his leg. It is conceded that when the claimant was injured he had a pre-existing disease, to-wit, diabetes. The injury to the toe, as shown by the record, simply aggravated the pre-existing disease and resulted in the removal of complainant's leg. In the case of Davis v. Artley Construction Co., 154 Fla. 481, 18 So.2d 255, we held that an injury received in the regular course of employment which materially aggravated or accelerated a pre-existing condition, resulting in the disability or death earlier than would otherwise occur, and the disability or death does not result from the disease alone, then an award may be made under our Compensation Act.
It is next contended that the claimant failed to give his employer notice of the injury sustained, as prescribed by Section *Page 540 
440.18, F.S.A. The claimant failed, as shown by the record, to give the written statutory notice within the thirty day period after sustaining the injury, but testimony found on pages 34, 35 and 36 of the transcript reflects that a report of the injury was brought to the attention of claimant's superiors then in charge of operating the dairy. It was the view of the lower court, after a consideration of all the testimony, that the provisions of Section 440.18 had been substantially complied with. We hardly feel justified in disturbing the conclusions reached by the lower court. The burden of showing reversible error in the record rested on the appellant. Error has not been established.
Affirmed.
TERRELL, Acting Chief Justice, SEBRING and HOBSON, JJ., concur.