HOBSON, Justice.
This case is based upon a petition for writ of certiorari filed pursuant to Section 440.27, F.S.A., requesting that we review an order of the Florida Industrial Commission wherein it reversed a Deputy Commissioner’s award of compensation to the petitioner.
It is undisputed that the petitioner had sustained disabling injuries to his back in the course of his employment as a fireman for the City of Miami and that the city was not notified of these injuries until approximately five weeks after they occurred.
Based on the evidence before him, the Deputy Commissioner found in part:
“4.' That the claimant did not give written notice within thirty days as required by F.S.A. [§] 440.18(1) (2), but that written notice is excused by the undersigned as authorized by F.S. A. [§] 440.18(4), since the claimant, as a result of his accidents, was required to remain in bed for five weeks and thereafter reported the accidents to his employer; and the employer was not prejudiced by said late report of said accidents. * * *”(Tr. p. 52)
The full commission reversed the Deputy Commissioner’s order on the ground that there was no competent substantial evidence to sustain the above-quoted finding.
Subsection (4) of § 440.18 F.S.A., provides in pertinent part:
“(4) Failure to give such notice shall not bar any claim under this chapter (a) if the employer * * * had knowledge of the injury or death and the commission determines that the employer or carrier has not been prejudiced by failure to give such notice, or (b) if the commission excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the commission at the first hearing of a claim for compensation in respect of such injury or death. Provided, * * * every presumption shall be against the validity of the claim.” (Emphasis supplied.)
The term “commission”, as herein used, refers not only to the full commission but .also to any duly authorized Deputy Commissioner.[1]
Thus the statute clearly permits the Deputy Commissioner to excuse the claimant's failure to give written notice when he determines there is “some satisfactory reason such notice could not be given.”
The test of the existence of such excuse, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances, is normally a question of fact.
The principle which governs appellate review of Industrial Commission’s or *737 ders provides that the order of the Deputy should not be disturbed if it is found to be in accord with reason and logic and is supported by competent substantial evidence.[2]
From our review of the record, we are of the opinion that although the proof on the question of the validity of the petitioner’s excuse pursuant to § 440.18(4) is not so absolute as to preclude any other reasonable conclusion, nevertheless, there was competent substantial evidence upon which the Deputy could have found as he did.
The petition for writ of certiorari is granted and the order of the Florida Industrial Commission vacating and setting aside the Deputy Commissioner’s order is quashed and the Deputy Commissioner’s order is hereby reinstated.
It is so ordered.
TERRELL, Acting C. J., and DREW, THORNAL and O’CONNELL, JJ., concur.

. Section 440.02(8), F.S.A.
See also Skrobick v. Pioneer Growers Cooperative, 1956, 9 Fla.Sdpp. 46; Certiorari denied Fla., 93 So.2d 902.

. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.