131 So.2d 483 (1961)
Raul ESCARRA, Petitioner,
v.
WINN DIXIE STORES, INC., Respondent.
No. 30956.
Supreme Court of Florida.
June 16, 1961
Rehearing Denied July 17, 1961.
*484 Howard N. Pelzner, Miami, for petitioner.
Lally & Miller, Miami, Paul E. Speh and Burnis T. Coleman, Tallahassee, for respondent.
HOBSON, Justice.
This is a petition for writ of certiorari to review an order of the Florida Industrial Commission reversing an award of compensation entered by a deputy commissioner in favor of the petitioner who was the claimant below. The only issue before this court is whether the deputy properly held that the failure of the claimant to give notice of his injury as required by Section 440.18, F.S.A. was excusable. Section 440.18 provides that notice of injury in writing shall be given by an employee to an employer within 30 days after the date of injury. Subsection (4) of that section provides:
"Failure to give such notice shall not bar any claim under this chapter (a) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the commission determines that the employer or carrier has not been prejudiced by failure to give such notice, or (b) if the commission excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the commission at the first hearing of a claim for compensation in respect of such injury or death. Provided, in case the delay in giving notice is so excused, no compensation shall be payable for aggravation of the injury caused by want of `first aid' or proper medical treatment during such delay, and every presumption shall be against the validity of the claim."
In the case before us it appeared that the claimant, a 17 year old Cuban boy, suffered an injury to his nose when in the course of his employment as a grocery "bag boy" a case of beer which he was attempting to remove from a shelf fell and hit him on the nose. His nose bled and caused him some pain but after he was able to stop the bleeding within about 10 minutes after the accident he thought no more about it. He made no report of the incident to his employer until several months later following consultation with a physician about his difficulty in breathing. The doctor who examined him testified that the claimant was suffering from a deformed septum which could have been caused by the accident concerning which the claimant testified.
The deputy commissioner found as a matter of fact that the claimant did not know that he was under a duty to report the accident, and excused his failure to give notice on the basis of this lack of knowledge. *485 The full commission reversed the award of the deputy on the ground that the findings of the deputy were insufficient as a matter of law to excuse the failure to give notice.
It appears that the deputy erred in his statement of the reasons justifying the claimant's failure to give notice. In effect the deputy excused this failure because of the claimant's ignorance and lack of experience. Under our holding in Tomberlin v. City of Miami, Fla., 117 So.2d 735, 736, the test of whether a failure to give notice can be excused is "* * * whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances * * *". Since the standard set up by this case is that of a reasonable, prudent man it was improper for the deputy to base his finding on the factors of ignorance and inexperience peculiar to this particular claimant.
However, unless it can be said that the deputy's holding was erroneous, and not merely the reasons which he gave therefor, his order should not be reversed. It is the settled practice of this court to affirm a decree of the lower court even though it is based on an erroneous ground if the result is justified on any other ground appearing in the record. In Re Freeman's Petition, Fla., 84 So.2d 544; Haas v. Crisp Realty Co., Fla., 65 So.2d 765; Cottages, Miami Beach, Inc. v. Wegman, Fla., 57 So.2d 439; In Re Knight's Estate, 155 Fla. 869, 22 So.2d 249; Sherlock v. Varn, 64 Fla. 447, 59 So. 953.
In order to give effect to this well established rule we have carefully examined the record and it appears that the deputy specifically found as a matter of fact that the reason the claimant made no mention of his injury at the time of its occurrence was that he thought no more about it. This conclusion of the deputy is supported by competent, substantial evidence in the form of the claimant's testimony. Moreover such finding is "not inconsistent with scientific facts of universal notoriety and general understanding." Roberts v. Wofford Beach Hotel, Fla., 67 So.2d 670, 672. We hold that the finding of the deputy with regard to the fact that the claimant thought no more about his injury and therefore attached no particular significance to it is sufficient to excuse his failure to comply with the statutory provisions regarding notice of injury. Inasmuch as the injury was apparently slight and caused no immediate disability, neither the claimant nor any reasonable person would have any way of knowing that the type of injury involved here would in the course of time become troublesome and would require medical treatment. This holding is in harmony with the general rule and with our "reasonable man" test regarding the giving of notice. In 2 Larson's Workmen's Compensation Law, § 78.41, it is stated that "* * * the time for notice or claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and probable compensable character of his injury or disease." Recognition of the "probable compensable character" of an injury or disease would, of course, require that a claimant, as a reasonable person, have knowledge of facts which would indicate to him that a physical impairment was causally related to a previous minor accident. Under the facts and circumstances appearing in this case it appears reasonable that the claimant was unaware that his difficulty in breathing was causally related to a minor injury to his nose suffered several months previously. He did not realize this causal relationship until after he had consulted a doctor. Within a short time thereafter he reported his accident.
Inasmuch as it appears that the result which the deputy reached in excusing the claimant's failure to give notice was correct, and that this conclusion was supported by competent, substantial evidence, it follows *486 that the order of the full commission reversing the deputy is in error. Inasmuch as the commission reversed the deputy's order on the basis of claimant's failure to comply with § 440.18, F.S.A., it did not rule on the other matters raised by the respondent's application for review. In order that such matters may be considered on review the cause is remanded to the Florida Industrial Commission for further proceedings not inconsistent with this opinion.
It is so ordered.
THOMAS, C.J., and TERRELL, ROBERTS and O'CONNELL, JJ., concur.