THORNAL, Justice.
By a petition and a cross-petition for a writ of certiorari, we have for review an order of the Florida Industrial Commission which reversed an order of the deputy commissioner who had allowed benefits to surviving ■ dependents of a deceased employee of the City of Miami Beach.
We must decide whether a failure to file a written notice of death in compliance with Section 440.18, Florida Statutes, F.S.A., was fatal to recovery under the circumstances revealed by the record.
The deceased employee James O. Cameron was a lieutenant in the fire department of the respondent city. His dependents claimed that his death on September 6, 1959, was caused by a coronary thrombosis which allegedly resulted from unusual exertion and heat exhaustion while fighting an extensive fire on August 26, 1959. Admittedly, no written notice of the death was served upon the employer within the thirty-day period stipulated by Section 440.18, Florida Statutes, F.S.A. The formal claim for benefits was not filed until July 31, 1961, more than twenty-two months after the employee’s death occurred. At the initial hearing on the claim, the employer made a timely objection to the effect that no notice had been filed under Section 440.18, Florida Statutes, F.S.A. Without passing upon the objection, the deputy awarded full death benefits to the dependents. Upon review the Full Commission reversed the deputy and held that he should have made findings in connection with the failure to give notice. The order of reversal likewise concluded that the deputy had failed to consider the impact of the decedent’s pre-existing physical ailments and the propriety of an apportionment of the award in accord with our opinions in Victor Wine and Liquor, Inc. v. Beasley, Fla., 141 So.2d 581, and Hampton v. Owens-Illinois Glass Co., Paper Products Division, Fla., 140 So.2d 868. For these and other reasons the Full Commission remanded the cause to the deputy for further proceedings and the entry of adequate findings. The claimants seek review of this order of reversal with reliance upon the rule that the order of the deputy should not be disturbed in the presence of competent substantial evidence to support it. The employer, by cross-petition, contends that the record reveals a total failure to comply with the requirements of the notice statute and a complete absence of any evidence to excuse such compliance.
In view of the conclusion which we hereafter announce, it is unnecessary to consider any aspect of the matter except the question of failure to file the statutory notice.
Section 440.18(1), provides in part:
“(1) Notice of an injury or death in respect to which compensation is payable under this chapter shall be given within thirty days after the date of such injury or death (a) to the commission (b) to the employer; * *
Section 440.18(2), requires that the notice shall be in writing, shall contain the name and address of the employee and shall submit a statement of the time, place, nature and cause of death.
Section 440.18(4), announces the conditions under which failure to give the notice shall be excused in order to prevent a bar of the claim because of the failure to give the written notice. This section also provides that when such failure occurs “ * * every presumption shall be against the validity of the claim.”
At the outset, it should be observed that we here deal with the requirement of the so-called thirty-day notice of injury or death required by Section 440.18, Florida Statutes, F.S.A., as distinguished from the requirement for the filing of a formal claim as prescribed by Section 440.19, Florida Statutes, F.S.A. A. B. Taff & Sons v. Clark, Fla.App., 110 So.2d 428. The purpose of the notice under Section 440.18, supra, is to advise the employer and the Industrial Commission that an injury or death has occurred and to supply promptly *165 the salient facts which ultimately furnish the basis for the formal claim filed under Section 440.19, supra. A written notice serves the purpose of alerting the employer to the occurrence of the accident and the injurious results flowing therefrom. This notice is to enable the employer to make a prompt investigation of the occurrence while the witnesses are readily available and while the facts are fresh.
Notice under 440.18, is not a jurisdictional requirement inasmuch as under various circumstances the giving of the notice may be waived or excused. Section 440.18(4), supra; Borden’s Dairy v. Zanders, Fla., 42 So.2d 539. Although the giving of notice may be waived or excused, the burden is upon the claimant to submit evidence to support a finding of waiver or excuse. A failure to serve the notice or to submit such supporting evidence of waiver or excuse is fatal to the claim subsequently asserted. The legislative intent in this regard is evident from the provision in 440.-18(4), to the effect that every presumption shall be against the validity of a claim where a written notice has not been served.
In the instant case the Full Commission was correct in its conclusion that the deputy had failed to make a specific finding regarding waiver or excuse as required by Section 440.18(4), supra. The employer here properly filed its obj ection at the first hearing of the claim. Although the deputy did fail to make the required finding, it is obvious that he must have concluded that the serving of the notice was excused inasmuch as he found for the claimants and awarded benefits. In cases of this type the deputy should make a specific finding on this important aspect of the matter. However, in view of the posture in which the matter reaches us we find that it would be a needless expenditure of time and money to remand the cause to the deputy to accomplish this purpose. This is so because the record is totally lacking in any evidence whatsoever to excuse the giving of the notice. Apparently, no effort was made to submit any evidence at all to justify the failure or to excuse it or to sustain a claim of waiver by the employer.
The serving of the required notice is particularly important in a case such as the one before us where the alleged cause of death results from the claim of a heart attack produced by unusual exertion. After twenty-two months the possibility of establishing the cause of death by an autopsy becomes extremely remote. The employer has been deprived of a fair and reasonable chance to investigate the claim promptly and to protect itself against the speculative elements that necessarily cast a shadow over the accuracy of a diagnosis months after the death occurred. In most heart attack cases, as here, there is evidence of a preexisting physical condition which either did or could have contributed substantially to the cause of death. Under all of these circumstances it becomes extremely important for the employer to have a reasonably prompt opportunity to investigate the matter. It is important to the claimant also, because in many instances a prompt investigation could result in an immediate determination of compensability which would eliminate the expense of an extensive proceeding and long delays in the recognition of the validity of the claim.
The record here leads to the inescapable conclusion that the notice was not served and that there was a total lack of any evidence at all to excuse the failure. Under these circumstances the unexcused failure leads to a conclusion of law that the claim is barred. Section 440.18(4), supra.
To the extent that the order of the Full Commission remanded the cause to the deputy for further proceedings, that order is quashed with directions to the Full Commission to order that the claim be dismissed.
It is so ordered.
ROBERTS, C. J., and DREW, O’CON-NELL and CALDWELL, J J., concur. .