TPIORNAL, Justice.
By two petitions for certiorari, above-styled, we are requested to review an order of the Florida Industrial Commission affirming an order of a deputy commissioner who had awarded Workmen’s Compensation benefits to an employee, Oliver Porter.
We must decide whether the order is supported by competent substantial evidence and also whether the employee was correctly excused from giving a notice of injury required by Section 440.18, Florida Statutes, F.S.A.
While employed by Venning & Ward Masonry, Oliver Porter suffered an industrial accident on November 9, 1959. He fell several feet from a scaffold. Allegedly, he injured his left hip, leg and arm. Several weeks later Porter was advised to try to return to work. He thereupon went to work for one Thomas Franklin in late December of 1959, or early January of 1960. Franklin was a concrete block mason. He was an independent contractor doing masonry work for one Plumely, who was a subcontractor under Over-holser Construction Company. After working for Franklin for only a few hours moving concrete blocks and sacks of cement, Porter felt a sharp “catch” in his back. Thereupon pain in his back became so severe that he was immediately compelled to stop working. The record indicates that he told Franklin that he had severe pains in his back but did not report any accident to him. Within a few days Porter consulted the physician who had been treating him for his other ailments. He continued consulting various doctors and had hospital attention for a period of months. Finally, on January 5, 1961, Porter filed his claim against Venning and Ward. In response to the claim Venning and Ward, pursuant to Section 440.42, Florida Statutes, F.S.A., asserted that the back injury which Porter then claimed, resulted from the accident while he was employed by Franklin. It will be recalled that Franklin was the independent contractor under the subcontractor of the general contractor Overholser. It seems that following the second “accident” Porter’s primary complaints centered in the low back area. The doctors, of course, differed regarding his ailment. There was a conflict as to whether the first accident or the second was responsible for the man’s ultimate condition and disability. Two doctors submitted an opinion that the back condition was the product of the Venning & Ward accident as aggravated by the Franklin-Overholser accident. Overholser defended immediately on the ground that the employee had not reported the second accident as required by Section 440.18, Florida Statutes, F.S.A.
The deputy commissioner concluded that the two accidents combined to produce the *699 •ultimate disability. He excused Porter from the notice requirement of the statute •on the ground that he had no reason to suspect that the second accident had occurred. He imposed liability equally on Venning and Ward and Overholser the only insured contractor in the second accident pyramid of responsibility. On review the Full Commission affirmed. We now have this order for consideration.
Both Venning and Ward, the first employer and Overholser, the second responsible contractor, have filed petitions for cer-tiorari. Venning and Ward claims that there is no competent substantial evidence which accords with logic and reason to support its liability for the back injury. Overholser contends that it should not, under any event, be held responsible because of Porter’s failure to give notice of accident and injury.
Upon our initial consideration of the ■matter we denied both petitions. We had the view that there was competent substantial evidence to support the order in all respects and that, actually, the independent contractor-employer Franklin had received notice of the accident sufficient to bind Overholser. We have granted petitions for rehearing without further argument. Upon a thorough re-consideration we have concluded that, for the reasons hereafter stated, the Overholser petition should be granted.
As requested by the petition of Venning and Ward, we have carefully examined the transcript of testimony. It is true that two doctors expressed the view that the ultimate back injury was not causally related to the first accident. We find also that there is considerable logic to support the first employer’s claim that the employee suffered no back ailment until the second accident. However, there is also clear-cut evidence from at least one other doctor to the effect that the first accident activated congenital conditions in the man’s back which were aggravated by the second accident. This doctor expressed the view that both accidents were contributing factors. The fourth doctor appeared to corroborate this view. As we have stated on many occasions, we will not undertake to re-evaluate the credibility of the testimony heard by the deputy. In this instance we do find in the record competent substantial evidence to support his findings of the dual causal relationship. Whether we would have similarly concluded had we been the deputy is not determinative of our inquiry. We are, therefore, concluded by his finding to the effect that the first accident was a contributing factor and that the ultimate disability resulted from the aggravating influence of the second accident. For these reasons we denied the Venning and Ward petition for certiorari and on rehearing granted, we adhere to this judgment.
In regard to the Overholser petition, however, we must confess that our original judgment of denial was grounded upon an impression that the immediate employer Franklin was given notice of Porter’s accident. This led us to the conclusion that notice to Franklin was notice to Overholser. However, our more careful study of the record leads to the conclusion that while Franklin knew that Porter suffered a backache, he was not informed of any accident and had no occasion to suspect any. It appeared to be his assumption that the backache was merely a condition which Porter had suffered all along. As we have said, Overholser had no knowledge at all regarding any aspect of potential responsibility until more than twelve months later when it was brought into the compensation proceeding by the answer of Venning and Ward.
The deputy excused the failure to give notice on the authority of our opinion in Escarra v. Winn Dixie Stores, Inc., Fla., 131 So.2d 483. He did this because in his view Porter did not consider the “Franklin incident” as related to the ultimate disability.
*700 In Escarra we did excuse the giving of notice for a long period of time. Escarra represents the outer limits of leniency that should be extended in such situations. There the initial injury was slight. At this point the apparent analogy to the instant case ends. In Escarra the occurrence caused no immediate disability. It was apparently of such minor consequence that the employee “thought no more of it” until he consulted a physician several months later, after he developed some difficulty in breathing. It was there held that a reasonable person would not under such circumstances be alerted to the responsibility of giving notice of an injury which he had no reason to suspect existed.
As contrasted to Escarra, the employee Porter here suffered an excruciatingly painful reaction. The pain drove him from his job and into a doctor’s office. It followed immediately upon the lifting of concrete blocks and 90 pound sacks of cement. He stated that it started with a “catch” in his back. He continuously sought medical treatment over a period of months. He made no report of the accident to the second employer.
The basic purpose of Section 4-40.18, Florida Statutes, F.S.A., is to enable an employer to make a prompt investigation of the accident and ensuing injury, if any. This is important because, as illustrated by the case before us, it is often extremely difficult to identify the causal relation factors after long periods of delay. It is also important to the employee because if notice is promptly given he can be supplied early medical attention which might avoid complications. We are compelled, therefore, to hold that the failure to give the required notice in the absence of a reasonable excuse therefor was fatal to that aspect of Porter’s claim assertable against Overholser. On rehearing Over-holser’s petition is granted and the order of the Full Commission is quashed to the extent that it affirmed the deputy’s imposition of partial responsibility upon Over-holser and its carrier.
For the reasons above stated the order of the Full Commission is affirmed in part and quashed in part and the cause is remanded for disposition in accordance with this opinion.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS and CALDWELL, JJ., concur.