DREW, Justice
(dissenting).
The award of compensation benefits to the claimant Trembley in this case has been reversed by the commission because it concluded that “claimant did not give notice of the accident to the employer,” and further found “no competent substantial evidence which accords with logic and reason to support the deputy’s finding of an accident.”
The order of the deputy expressly states:
“ * * * this Deputy not only finds that the aforesaid accident did in fact occur as related hereinabove having been corroborated by a witness testifying in the Claimant’s behalf, one Joseph Wetz, who was then and there working with the Claimant as his helper and who assisted the Claimant to get up on his feet after Claimant had sustained his back injury; but in addition thereto, finds that notice of the accident was in fact given on the same day of the said accident to the Claimant’s supervisor, one Mr. Frank Briggle, being given by the Claimant to the said Frank Briggle in the presence of the Claimant’s helper, the said Joseph Wetz.”
The simple issue presented, therefore, is the propriety of reversing these findings *322 of the deputy when they are supported by the following representative testimony by claimant and another employee concerning events on the particular day in question:
“Q Did you speak to anyone on the job the day you claim you were hurt? * * * I am talking about in a supervisory capacity.
“A No, sir. Mr. Briggle was the only one on the job.
“Q Did you talk to him ?
“A Yes, sir, I talked to Briggle.
“Q What did you say to Briggle?
“A He had come to my bath room in the latter part of the afternoon and I told him that I had hurt my back that morning and that I was having a rough time and he said, ‘Well, do you think you can finish today?’ I said, ‘Yeah, I am going to try,’ because in my own mind, that was Wednesday, and Wednesday is the ending of a full pay week. * * *
“Q I am trying to find out what happened. What was said to you when you went back to get your check a week later? * * * When Mr. Hopwood asked you how you were feeling, is that all he said?
"A Yes, sir, that is all he said.
“Q He did not ask you what was wrong with you ?
“A No, sir. It was fairly evident to me that he knew the problem, that it was my back, because there was nothing led up to it. He just said, ‘How are you feeling?’ and! just said, ‘Better.’ * * *
“Q This gentleman, Mr. Frank Briggle, was he your supervisor on January 8, 1964?
“A Yes, sir, he was.
“Q Was Mr. Wetz present at the time you told him you had hurt your back ?
“A Yes, sir, he was.”
The corroborating witness cited by the deputy was repeatedly questioned:
“Q You also stated in your statement that you do remember one time that Trembley bent over in a bath tub and you had to help him straighten up. Was this on January 8 you are talking about?
“A That was the only morning I had to help him get up was on that job.
“Q Was that how he hurt his back?
“A I wasn’t there when the man hurt his back. All I know, I helped the man get out of the bath tub.
“Q What did he say ?
“A He said he hurt his back.
“Q Did you say, ‘How did that happen ? ’
“A I said, ‘What happened?’ He said, T done it cleaning this room, I guess.” * * *
“Q Did David tell Mr. Briggle he hurt his back?
“A I heard him tell Mr. Briggle he hurt his back that morning.
“Q He hurt his back or his back was bothering him?
“A Well, he said he hurt his back.”
I would reverse and remand, upon authority of long established principles governing review of a deputy’s findings, and cases holding the notice requirements of the statute met by substantial compliance. Borden’s Dairy v. Zanders, Fla.1949, 42 So.2d 539. Cf. Cameron v. City of Miami Beach, Fla.1963, 152 So.2d 163.