286 So.2d 557 (1973)
Grace T. RIDDLE, Petitioner,
v.
BREVARD COUNTY BOARD OF PUBLIC INSTRUCTION et al., Respondents.
No. 43795.
Supreme Court of Florida.
December 6, 1973.
Edward J. Richardson of Saxon & Richardson, Melbourne, for petitioner.
John G. Rooney of Sands, Smalbein, Eubank, Johnson, Rosier & Bussey, Cocoa, for respondents.
*558 CARLTON, Chief Justice:
On petition for writ of certiorari, we review herein an order of the Industrial Relations Commission which reversed an order of a Judge of Industrial Claims which awarded petitioner compensation and medical benefits. Florida Constitution, Article V, Section 3(b)(3), F.S.A. We reverse and remand this cause to the Industrial Relations Commission for reinstatement of the Judge's order.
The petitioner, while employed by the respondent, injured herself in the course of her duties when she attempted to catch a falling cash register on December 7, 1970. Petitioner told her supervisor of the accident that same day and showed her the small bruise on her leg. According to the petitioner, she also injured her back, but she thought it was only a small strain and she made no mention of it. By the end of December, 1970, petitioner's back had started to give her more pain, so she visited her family doctor. His treatment on two occasions alleviated the pain. Petitioner claimed that her back pain returned within a few months and, over the summer when the school she works at was closed, that it got progressively worse. In September, 1971, after school had started again, her family doctor referred her to a specialist and hospitalized her. She had a laminectomy performed, which has partially cured her problem.
Both the family doctor and the specialist testified that the attempted catching and picking up of the cash register could have caused the herniated disc from which the petitioner had been suffering. The specialist testified that if the claimant had so injured herself in the cash register accident, the injury could have been almost instantly disabling or it could have followed a gradual course of increasing pain and disability, as it apparently did. Both doctors stated that the petitioner did not relate any history of an industrial accident until after she was hospitalized for the surgery.
Two fellow employees testified as to various complaints made to them by the petitioner concerning back and leg pains for several months following the December 7, 1970, accident. However, the petitioner's supervisor testified that the petitioner reported the accident to her on the date it occurred and showed her a small bruise on her leg, but did not mention any back pain. The supervisor also said that it was only after school resumed the following September that the claimant again mentioned pains in her legs  but again, not her back. The supervisor also related a statement made to her by the petitioner a few days after entering the hospital to the effect that her doctor had told her that her back injury was caused by picking up something heavy and that the only thing that she could think of was the cash register she had picked up from the floor some nine months before. The supervisor said that during this conversation she told the petitioner that she would see the principal of the school about "filing a claim" for her.
The Judge of Industrial Claims held that the back injury was causally related to the industrial accident and was compensable. The Industrial Relations Commission reversed in this respect. The Commission reviewed briefly some of the evidence relating to causation and stated that, "The absence of any clear and convincing evidence indicating causal connection between the claimant's employment and her injury compels us to reverse the Judge's finding" as to causation. (Emphasis supplied.) The test, however, is not whether there is any "clear and convincing" evidence, but whether there is any competent and substantial evidence to support the Judge's finding. Meadows v. Curly's Trash Service, Inc., 244 So.2d 417 (Fla. 1971). In this case, there was such competent and substantial evidence. The testimony of both doctors, while far from conclusive, indicated that the injury could have been caused by the accident. The petitioner's own testimony regarding the development of her symptoms supported such *559 a conclusion, and the petitioner's testimony in this respect was corroborated by that of her fellow employees.
Regarding the role of the Industrial Relations Commission in reviewing findings of a Judge of Industrial Claims, we wish to reiterate what we said in Feinberg v. St. Francis Hospital, 149 So.2d 541 (Fla. 1963):
"In determining whether or not there is competent substantial evidence that accords with logic and reason to support the findings of the [Judge of Industrial Claims], the full Commission is bound by these principles: (1) The Workmen's Compensation Act should be liberally construed and all doubts resolved in favor of the workingman; (2) the claimant is not bound by the preponderance rule or the rule which requires proof to the exclusion of a reasonable doubt and while the claimant may not recover on mere speculation or conjecture, if the proof furnishes a reasonable basis for an inference that the injury resulted from an accident arising out of and in the course of the employment, it is sufficient. [Citation omitted.]"
When, as in the instant case, a claimant establishes on the basis of competent and substantial evidence that an industrial accident is a logical cause for his injury, it is the responsibility of the employer or carrier, to defeat an award of compensation, to show that another cause was more logical and consonant with reason. Carraway v. Armour and Company, 156 So.2d 494 (Fla. 1963). In this case, no other logical cause was shown.
The Judge of Industrial Claims also held that the petitioner had notified her employer, through her supervisor, of the accident on the date it occurred. He then found that:
"... in accordance with the rules set forth in Stoner v. Hialeah Race Course, Fla., 218 So.2d 448, and numerous other decisions, the Claimant notified her Employer within a reasonable time after she became aware of the nature, seriousness, and probable compensable character of her injuries during her hospitalization in September and October, 1971, so as to say that the Claimant acted as a reasonable and prudent person under the circumstances and facts of this claim. Also, I find that the Employer/Carrier offered no testimony or evidence tending to prove that the Employer/Carrier was prejudiced in any way by the facts and manner of this claim."
The Industrial Relations Commission correctly noted that this issue (of notice) is governed by Fla. Stat. § 440.18, F.S.A., which provides, in part:
"(1) Notice of an injury or death in respect to which compensation is payable under this chapter shall be given within thirty days after the date of such injury or death:
......
(4) Failure to give such notice shall not bar any claim under this chapter:
(a) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the commission determines that the employer or carrier has not been prejudiced by failure to give such notice; or
(b) if the commission excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the commission at the first hearing of a claim for compensation in respect of such injury or death... ."
The Commission also correctly noted that our opinion in Escarra v. Winn Dixie Stores, 131 So.2d 483 (Fla. 1961), directs the proper application of Fla. Stat. § 440.18, F.S.A., and its notice requirements. The *560 Commission held: "The record does not show that the employee prosecuted her claim with the degree of diligence that an ordinary, prudent person would have exercised under the same or similar circumstances... ." The Commission also held that,
"... It is not the responsibility of the employer/carrier to show that they were prejudiced by the late notice of injury, rather it is the responsibility of the claimant to show that the employer/carrier did not suffer any prejudice by the late reporting of the injury. Perretti v. J.B. Forbes Plumbing and Heating, Inc., 5 FCR 378 (1964), cert. denied without opinion 178 So.2d 337 (Fla. 1965); Cameron v. City of Miami Beach, 152 So.2d 163 (Fla. 1963)."
The Judge of Industrial Claims, however, properly applied Fla. Stat. § 440.18, F.S.A., and he made the proper findings of fact, based upon competent and substantial evidence, to support his finding that notice had been adequately given. Therefore, the Commission is also reversed in its decision on this issue.
Clearly, the Judge of Industrial Claims chose to believe petitioner's testimony that she thought her back injury was no more than a minor strain until, several months after the accident, her pain became much more severe. The Judge also apparently believed the testimony that the petitioner did not relate her back injury to the accident until it became severe and her doctor informed her that it could have been caused by picking up something heavy, which, to the best of her memory, could only have been the cash register. Compare the facts and the Judge's findings in this case with our holding in Escarra:
"In the case before us it appeared that the claimant, a 17 year old Cuban boy, suffered an injury to his nose when in the course of his employment as a grocery `bag boy' a case of beer which he was attempting to remove from a shelf fell and hit him on the nose. His nose bled and caused him some pain but after he was able to stop the bleeding within about 10 minutes after the accident he thought no more about it. He made no report of the incident to his employer until several months later following consultation with a physician about his difficulty in breathing. The doctor who examined him testified that the claimant was suffering from a deformed septum which could have been caused by the accident concerning which the claimant testified.
......
"... Under our holding in Tomberlin v. City of Miami, Fla., 117 So.2d 735, 736, the test of whether a failure to give notice can be excused is `* * * whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances * * *'... .
......
"... We hold that the finding of the deputy with regard to the fact that the claimant thought no more about his injury and therefore attached no particular significance to it is sufficient to excuse his failure to comply with the statutory provisions regarding notice of injury. Inasmuch as the injury was apparently slight and caused no immediate disability, neither the claimant nor any reasonable person would have any way of knowing that the type of injury involved here would in the course of time become troublesome and would require medical treatment. This holding is in harmony with the general rule and with our `reasonable man' test regarding the giving of notice. In 2 Larson's Workmen's Compensation Law, § 78.41, it is stated that `* * * the time for notice or claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and probable compensable character of his injury or disease.' . .. Under the facts and circumstances appearing in this case it *561 appears reasonable that the claimant was unaware that his difficulty in breathing was causally related to a minor injury to his nose suffered several months previously. He did not realize this causal relationship until after he had consulted a doctor. Within a short time thereafter he reported his accident."
See, also, this Court's opinion in Hester v. Westchester General Hospital, 260 So.2d 505 (Fla. 1972), in which we also reversed the Commission and reinstated an award of compensation in a case involving a factual situation strikingly similar to that with which we are concerned here.
Under Fla. Stat. § 440.18(4)(b), F.S.A., and Escarra, the strict thirty day notice requirement may be excused if a claimant is reasonably unaware that his injury was causally related to a minor industrial accident and if the claimant, once he is aware of the causal relationship, prosecutes his claim with the degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Whether the claimant was reasonably unaware of a causal relationship and whether the prosecution of his claim is reasonably diligent are factual questions which the Judge of Industrial Claims must decide based on the particular circumstances of each case. As with other findings of fact, the Judge's findings should not be reversed unless they are completely unsupported by competent and substantial evidence. In the case sub judice, the Judge held that "the Claimant notified her Employer within a reasonable time after she became aware of the nature, seriousness, and probable compensable character of her injuries during her hospitalization... ." The opinion in Stoner v. Hialeah Race Course, 218 So.2d 448 (Fla. 1969), cited and relied upon by the Judge, simply reiterated the Escarra holding that the time in which notice is required does not begin to run until a reasonably prudent person should recognize the fact of injury causally related to employment. The Judge, therefore, made adequate findings which were supported by the competent and substantial evidence related above.
It must be noted that Fla. Stat. § 440.18(4)(b), F.S.A., allowing the strict notice requirements to be excused, contains no provision relating to prejudice to an employer or carrier. Such a provision is found only in § 440.18(4)(a), which excuses a failure to give notice in one particular situation. That situation is when the employer or carrier has knowledge of an injury or death, despite the failure of a claimant to give notice, and is not prejudiced by such failure. Since the instant case concerned only § 440.18(4)(b), the Judge's finding of no prejudice to the employer was irrelevant, and we need not consider the Commission's reversal of this finding.
Nevertheless, we wish to point out that, when a claim properly involves a consideration of § 440.18(4)(a), the two cases cited by the Industrial Relations Commission would not support a holding that it is the responsibility of a claimant to show that the employer/carrier did not suffer any prejudice by a failure to give notice. Perretti v. J.B. Forbes Plumbing and Heating, Inc., supra, was decided by the [former] Florida Industrial Commission on the basis of no competent substantial evidence to support a finding of excused notice under § 440.18(4)(b). The decision correctly noted that a finding of "no prejudice" is necessary only when § 440.18(4)(a) is applicable, and there was no reference made as to where the burden of showing "no prejudice" should lie in a proper case. Cameron v. City of Miami Beach, supra, also did not mention any burden of showing "no prejudice". This case also dealt only with excused (or waived) notice under § 440.18(4)(b) and held that "the burden is upon the claimant to submit evidence to support a finding of a waiver or excuse."
For the reasons indicated above, we hold that the Judge of Industrial Claims, in the *562 instant case, made adequate findings of fact supported by competent and substantial evidence to support his award of compensation and medical benefits. In reversing this award, the Industrial Relations Commission has misapplied the applicable statutory provisions and substituted its judgment for that of the Judge of Industrial Claims. Therefore, the Commission is hereby reversed and this cause is remanded with directions to reinstate the order of the Judge of Industrial Claims.
It is so ordered.
ERVIN, BOYD and DEKLE, JJ., concur.
ROBERTS, J., dissents.