CARLTON, Chief Justice:
On petition for writ of certiorari, we review an order of the Industrial Relations Commission affirming an order of the Judge of Industrial Claims which rejected petitioner’s workmen’s compensation claim. Florida Constitution, Article V, § 3(b)(3), F.S.A. In denying certiorari, we will discuss only one issue raised by the petitioner, since it is dispositive of this cause.
The order of the Judge of Industrial Claims included, inter alia, the following finding:
“The undersigned further finds that even if the evidence was sufficient to substantiate claimant’s condition as an occupational disease arising out of and in the course of his employment with this employer, that notice was not timely given the employer or the carrier, under the provision of Florida Statute 440.-151(7). In making'this finding, the undersigned hereby finds that claimant’s condition was diagnosed to him by Dr. Anderson in October of 1969, and the first apparent claim or notice of claim or reporting of this condition to the employer was by the first claim filed on behalf of the claimant dated September 11, 1970 and filed in Tallahassee on September 14, 1970. Furthermore, although the October, 1969 date was the actual date this diagnosis was made by Dr. Anderson, the claimant in fact had various blood conditions or ailments diagnosed at least four years prior to this time, at no time following which was this employer advised of or placed on notice of any possible workmen’s compensation claim. Therefore, I feel that this claim must also be denied on the basis of improper or untimely notice under the appropriate statutory provisions.”
The Industrial Relations Commission affirmed the entire order on the basis that it was supported by competent and substantial evidence.
The petitioner contends that the Judge of Industrial Claims erred in finding that notice of the occupational disease with respect. to which compensation was claimed was not timely given. Claims for occupational diseases are controlled by Fla.Stat. § 440.151, F.S.A., which provides in part:
“(l)(e) The presumptions in favor of claimants established by § 440.26 of this workmen’s compensation law shall not apply to a claim for compensation for an occupational disease under this section.
“(7) The time for notice of injury or death provided in § 440.18(1) shall be extended in case of occupational diseases to a period of ninety days.”
Fla.Stat. § 440.26, F.S.A. provides, in part:
“In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary :
(1) That the claim comes within the provisions of this chapter.
(2) That sufficient notice of such claim has been given.
The pertinent portions of Fla.Stat. § 440.-18, F.S.A., concerning the requirement of notice, are:
“(1) Notice of an injury or death in respect to which compensation is payable under this chapter shall be given within thirty days after the date of such injury or death . . . . ”
*592 (4) Failure to give such notice shall not bar any claim under this chapter:
(a) If the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury or death and the commission determines that the employer or carrier has not been prejudiced by failure to give such notice, or
(b) If the division excuses such failure on the ground that for some satisfactory reason such notice could not be given; . . . . ”
The Petitioner apparently suffers from the disease granulocitic hyperplasia, which he claimed was caused by his exposure to toxic fuels while employed by the respondent. At the hearing on the claim, counsel for petitioner stated that petitioner’s position on the claim was that “in October, 1969, or material time thereafter” the petitioner had incurred an occupational disease arising out of and in the course of his employment. The employer defended in part on the ground that notice had not been timely given. No issue of waiver, excuse, or employer knowledge was raised by the petitioner, and no evidence was presented as to such issues. As this Court stated in Cameron v. City of Miami Beach, 152 So. 2d 163 (Fla.1963):
“. . . Although the giving of notice may be waived or excused, the burden is upon the claimant to submit evidence to support a finding of a waiver or excuse. A failure to serve the notice or to submit such supporting evidence of waiver or excuse is fatal to the claim subsequently asserted. . . .”
In the instant case, therefore, there was no issue before the Judge of Industrial Claims as to the applicability of Fla.Stat. § 440.-18(4), F.S.A. The Judge had only to determine whether or not .proper notice had been given within ninety days.
The Judge found that notice had not been properly given, and his finding, quoted above, was supported by competent and substantial evidence. The petitioner testified that he first related his medical problems to his work in October of 1969. The primary medical witness, a hematologist who examined the petitioner twice in October, 1969, testified that at that time he told the petitioner that he evidenced granu-locitic hyperplasia and that he should avoid exposure to any toxic materials. In a letter to Pan American World Airways dispensary, dated May 19, 1970, this doctor stated:
“Mr. Perry Ripple asked me to write you regarding his blood condition.
I saw Mr. Ripple on 10-8-69, while in the Orange Memorial Hospital. At that time he had a letter from a previous hematological work-up at the Mayo Clinic, suggesting that he had some toxic problem with his bone marrow and that he should not be exposed to any toxic material in his work. . . .”
As noted by the Judge of Industrial Claims, no notice of a possibly compensa-ble disease was given by the petitioner in this case until September of 1970.
Had the question of whether or not timely notice was excusable in this case, under Fla.Stat. § 440.18(4) (b), F.S.A., been properly before the Judge, a refusal to excuse timely notice would have been entirely proper. Timely notice may be excused if a claimant is reasonably unaware that his injury is causally related to an industrial accident (or that his disease is related to his employment), and if — once he is aware of the causal relationship — he prosecutes his claim with the degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. Riddle v. Brevard County Board of Public Instruction et al., 286 So.2d 557 (Fla.1973).
Had petitioner properly raised the applicability of Fla.Stat. § 440.18(4) (a), F.S.A., *593 which excuses timely notice if an employer has knowledge of an allegedly compensable injury, a finding of “no employer knowledge” would also have been entirely proper in this case. The only evidence in the record that the employer in this case had knowledge of a possibly work-related disease prior to the filing of the compensation claim is the letter from the hematologist to the Pan American dispensary. This letter is dated May, 1970, or seven months after petitioner became aware of his disease and its possible relation to his work.
Since the Judge of Industrial Claims properly rejected the claim on the basis of untimely- notice, other points raised by petitioner on his petition for writ of certiorari are immaterial. The Industrial Relations Commission properly affirmed the order of the Judge of Industrial Claims. The petition for writ of certiorari is, therefore, denied.
It is so ordered.
ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLÉ, JJ., concur.