PER CURIAM.
Employer/carrier appeals an order to pay certain medical bills, urging (1) lack of authorization and (2) failure to submit medical reports. The first contention is essentially factual in nature, and we do not disturb the deputy’s determination that record evidence substantiated a need for medical care “beyond that offered” by authorized physicians, who had released claimant for work and advised that nothing more could be done at the time. Continued authorization of those physicians therefore did not permit carrier’s rejection of claimant’s request, and the award for costs of additional services obtained by claimant is affirmed.
Appellant’s burden, in urging reversal on the second point, is to show abuse of discretion by the deputy in ordering payment absent proper medical reports. Torres v. Eden Roc Hotel, 238 So.2d 639 *585 (Fla.1970); Ranch House, Inc. v. Jackson, IRC Order No. 2-3824 (May 25, 1979). Although the order refers only to carrier’s refusal of authorization, the record adequately amplifies the basis for excusing reports. We affirm because “unless it can be said that the deputy’s holding was erroneous, and not merely the reasons which he gave therefor, his order should not be reversed.” Escarra v. Winn Dixie Stores, Inc., 131 So.2d 483 (Fla.1961).
Appellant’s contention here is that lack of prejudice to carrier is irrelevant to existence of cause for excusal initially. We conclude to the contrary, and find that appellant fails to show abuse of discretion in the order for payment in this case. The deputy could reasonably believe that the reports would have served no useful purpose, based on record facts including the physician’s testimony that he called to report claimant’s visit and request authorization for treatment, and was told “We don’t want to talk to you and we don’t want to hear what you have to say ....”
AFFIRMED.
McCORD, BOOTH and WENTWORTH, JJ., concur.