WENTWORTH, Judge.
This is an appeal from an order finding that the claimant suffered a compensable accident entitling him to temporary total disability benefits. We affirm.
Claimant is a 47 year old black male with a second grade education. He had been working for the employer since 1963 at various jobs until he was hospitalized in January, 1983. Claimant testified that on June 16, 1982, he was working at a job site and flipped backwards over machinery so that his neck and upper back hit something. Claimant testified that he felt pain at the time but rubbed his neck and kept on working. He also testified that he told his foreman about the incident but said that as far as he knew he was okay. Claimant testified that on several occasions over the ensuing months he complained to various supervisors about pain in his neck but was told to go back to work. He did not testify that he connected the increasing pain in his neck with the June 16 accident. In December 1982, claimant’s arms and legs began to become numb and weak, and finally in January 1983 he sought medical treatment. Claimant was then referred to a neurosurgeon, Dr. Scott, who performed a cervical laminectomy on February 18, 1983. Claimant was in the hospital until April 4, 1983. When he was discharged he went to a lawyer who filed a claim for workers’ compensation benefits on April 25, 1983.
In awarding benefits, the deputy found that the claim filed in April 1983 served as proper notice of the injury suffered by claimant on June 16, 1982. She excused the failure to report the accident within thirty days on the basis of Escarra v. Winn Dixie, 131 So.2d 483 (Fla.1961). She therefore awarded temporary total disability benefits at the proper compensation rate from February 1, 1983, to the date of the hearing.
Appellant argues in part that it was prejudiced by the failure to report the accident because claimant’s condition got worse because he kept working after he was injured. Thus, appellant asserts that claimant’s injury was worse than it would have been had he promptly reported it, citing Overholser Construction Co. v. Porter, 173 So.2d 697 (Fla.1964). The fact that the cited opinion contains an explanation of the importance of prompt reporting does not support appellant’s contention that when the failure to report is properly excused benefits should be denied if the employer was prejudiced by the delay.
Affirmed.
ZEHMER and BARFIELD, JJ., concur.