SHIVERS, Judge.
The claimant in this workers’ compensation case appeals the deputy commissioner’s order denying her claim for payment by the employer/carrier of various medical bills incurred during an emergency hospitalization. We affirm.
Claimant injured her back in a compensa-ble accident on July 17, 1982. On March 21, 1983, claimant was admitted to Doctors Hospital of Lake Worth for pain in her back by an unauthorized physician, Dr. Phillip Levitt, after claimant’s authorized physician informed her he could not see claimant until the following day. At the time of her admission, Doctors Hospital was informed that claimant’s injury was workers’ compensation related and was further informed of the name of the carrier handling claimant’s case. Dr. Levitt was also aware that claimant’s injury was workers’ compensation related and that a carrier was handling claimant’s case.
On March 30, 1983, claimant filed claim for, among other benefits, authorization of treatment by Dr. Levitt and continuing medical treatment. At the two hearings held on this matter, claimant argued that her admission to Doctors Hospital and her treatment by Dr. Levitt was on an emergency basis. The deputy agreed. Nevertheless, the deputy denied the assessment of Dr. Levitt’s and Doctors Hospital’s medical expenses against the employer/carrier on the basis that claimant did not present any evidence of any bills or reports from Doctors Hospital or Dr. Levitt on the proper workers’ compensation forms, nor an excuse as to why such bills and reports were not timely and properly submitted. We find no error in this order.
Section 440.13(1), Florida Statutes, requires that within ten (10) days after a physician or hospital furnishes their first remedial treatment to a claimant, a report of the claimant’s injuries and treatment must be furnished to appropriate entities. Untimely medical reports may be excused by the deputy commissioner for good cause. Good cause has been found in cases where a confused legal situation exists, or where the employer waives the requirements of section 440.13(1) with actual knowledge, or where complex factual circumstances exist. See Walt Disney World Co. v. Schiebel, 414 So.2d 602 (Fla. 1st DCA 1982).
In the instant case, claimant’s attorney failed to present any evidence at the hearings conducted on claimant’s claim as to why Doctors Hospital and/or Dr. Levitt should have been excused from filing timely medical reports. Moreover, our review of the record does not suggest good cause for the failure of Doctors Hospital and Dr. Levitt to timely file their reports. Accord *1264 ingly, we find and hold that the deputy did not abuse his discretion in denying payment by the employer/carrier of Dr. Levitt’s and Doctors Hospital’s medical bills. See Edwin Kalmus & Company v. Berkarich, 421 So.2d 584 (Fla. 1st DCA 1982) (as to the standard of appellate review).
The deputy’s order is AFFIRMED.
MILLS and WIGGINTON, JJ., concur.