Mr. Richard Kane City Attorney City of Hallandale 308 South Dixie Highway Hallandale, Florida 33009
Dear Mr. Kane:
You have asked for my opinion on the following question:
Is a notice of injury form filed with a municipality, as a public employer, and the Division of Workers' Compensation pursuant to s.440.185, F.S., a public record if it contains medical information about the employee?
In sum:
A notice of injury form filed with a municipality, as the public employer,[1] and the Division of Workers' Compensation under s.440.185, F.S., is a public record. The fact that medical information is included in a document does not convert it to a medical record which is exempt from disclosure.
Pursuant to s. 440.185, F.S., as amended,[2] an employee is required to provide notice of injury to his or her employer within 30 days of the date of the injury.[3] The employer is required within 7 days of actual knowledge of injury or death to report the injury or death to the employer's insurance car-rier and the employee, on a form prescribed by the Division of Workers' Compensation.[4]
The following information is to be provided on the notice of injury form:
(a) The name, address, and business of the employer; (b) The name, social security number, street, mailing address, telephone number, and occupation of the employee; (c) The cause and nature of the injury or death; (d) The year, month, day, and hour when, and the particular locality where, the injury or death occurred; (e) Such other information as the division may require; and (f) On the copy of the form furnished to the employee, a clear and understandable summary statement of the rights, benefits, and obligations of injured workers under the Workers' Compensation Law, including an explanation of wage-loss benefits and the eligibility conditions for such benefits.[5]
The insurance carrier or self-insured employer is required to mail a copy of this form to the Division of Workers' Compensation within 30 days after receipt. The basic purpose of this statute requiring notice of injury is to enable an employer to make prompt investigation of an accident and the ensuing injury.[6]
The statute treats medical reports and records separately from notice of injury forms. Subsection (5) of the statute provides that:
Additional reports with respect to such injury and of the condition of such employee, including copies of medical reports, shall be sent by the employer or carrier to the division at such times and in such manner as the division may prescribe. In carrying out its responsibilities under this chapter, the division may by rule provide for the obtaining of any medical records relating to medical treatment provided pursuant to this chapter . . . .[7] (e.s.)
Thus, a distinction appears to have been made by the separate treatment of medical records and reports within the statute and there is no indication that the Legislature intended that a notice of injury form be treated as a medical report or record within the terms of s. 440.185, F.S.
Pursuant to s. 119.07, F.S., "[e]very person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so . . . ."[8] For purposes of the Public Records Law, the term "[p]ublic records" includes "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[9] An "[a]gency" within the terms of the statute includes any state or municipal officer, department, division, board, bureau, or commission. Clearly, a public employer, such as the City of Hallandale, and the Division of Workers' Compensation are agencies within the terms of the Public Records Law. Therefore, documents received pursuant to law in connection with the transaction of official business of either of these agencies would be public records.
The Public Records Law contains exemptions from the terms thereof for those records "which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law . . . ."[10] However, as The Florida Supreme Court has stated, the law exempts only those public records which are provided by statutory law to be confidential or which are expressly exempted by general or special law.[11]
Pursuant to s. 440.13, F.S., of the Workers' Compensation Law, certain medical records are confidential. Section 440.13(2)(e), F.S., as amended by s. 18, Ch. 90-201, Laws of Florida, provides that:
Each medical report or bill obtained or received by the employer, the carrier, or the injured employee, or the attorney for any of them, with respect to the remedial treatment, care, and attendance of the injured employee, including any report of an examination, diagnosis, or disability evaluation, shall be filed with the Division of Workers' Compensation . . . . The health care provider or health care facility shall also furnish to the injured employee, or to his attorney, on demand, a copy of his office chart, records, and reports . . . . Notwithstanding the limitations in s. 455.241 and subject to the limitations in s. 381.609,[12] upon the request of the employer, the carrier, the attorney for either of them, or the rehabilitation provider, the medical records of an injured employee shall be furnished to such persons and the medical condition of the injured employee shall be discussed with such persons, provided the records and the discussions are restricted to conditions relating to the workplace injury or to situations where the employer or carrier has reason to believe there is a probable basis for filing a claim against the Special Disability Trust Fund . . . . No records so provided or discussions held pursuant to this exemption, or any information contained therein, shall be disclosed to any person, nor shall the same be discoverable in any civil or criminal action. (e.s.)
Section 455.241(2), F.S., provides that except as provided supra, patient records may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or his or her legal representative or certain other health care providers, except with the patient's written authorization.
Clearly, patient medical records may not be made public or disclosed generally without the patient's consent and this applies to medical records relating to Workers' Compensation claims. However, I find no evidence that a notice of injury form as described in s. 440.185, F.S., was intended by the Legislature to be considered a medical record or report.
Therefore, it is my opinion that a notice of injury form prepared and filed as required in s. 440.185, F.S., is a public record pursuant to s. 119.07(1), F.S., but is not a medical report or record which is confidential or exempt from disclosure pursuant to s. 119.07(3)(a), F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] I would note that, pursuant to s. 119.07(3)(x), F.S., formerly s. 119.07(3)(y), F.S. 1989:
All information relating to the medical condition or medical status of employees of the state, which is not relevant to the employee's capacity to perform his duties, is exempt from the provisions of subsection (1). Information which is exempt shall include, but is not limited to, information relating to workers' compensation, insurance benefits, and retirement or disability benefits. All information which is exempt from subsection (1) pursuant to this paragraph shall be maintained separately from nonexempt employment information. (e.g.)
However, the worker involved in the instant situation is a municipal employee.
[2] Section 440.185, F.S., was amended by s. 22, Ch. 90-201, Laws of Florida.
[3] Section 440.185(1), F.S.
[4] Section 440.185(2), F.S.
[5] Id.
[6] See, Overholser Construction Company v. Porter, 173 So.2d 697
(Fla. 1964).
[7] And see, s. 440.185(6), F.S., which provides that the reports required by this section may not be used as evidence of any fact stated therein except for medical reports which may be admitted in a proceeding at the discretion of a judge of compensation claims.
[8] Section 119.07(1)(a), F.S.
[9] Section 119.011(1), F.S.
[10] Section 119.07(3)(a), F.S.
[11] See, Rose v. D'Alessandro, 380 So.2d 419 (Fla. 1980); Wait v. Florida Power and Light Company, 372 So.2d 420 (Fla. 1979).
[12] Section 381.609, F.S., provides for the confidentiality of human immunodeficiency virus ("AIDS") test results. An "HIV test result" for purposes of the statute is defined to be "a laboratory report of a human immunodeficiency virus test result entered into a medical record . . . or any report or notation in medical record of a laboratory report of a human immunodeficiency virus test." This opinion concludes that a notice of injury form is not a medical record. However, after consulting with the Division of Workers' Compensation, it is suggested, rather than specifying on a notice of injury form that an employee has "AIDS," that a description of the employee's symptoms be used to accommodate the privacy rights of the employee while satisfying the requirement of notice. An example of such an entry might specify that the employee, who for purposes of this example is an emergency medical technician, had an infectious blood disease and that the accident giving rise to the injury involved repeated emergency medical contacts with persons who had the disease. The division assures this office that this approach will not compromise the rights of any party in a Workers' Compensation action.