ZEHMER, Chief Judge,
specially concurring.
While I fully concur in the decision of the majority to reverse and remand for further proceedings, I also believe that the Judge of Compensation Claims should reconsider this case under Herb’s Exxon v. Whatmough, 487 So.2d 1169 (Fla. 1st DCA 1986). In Herb’s Exxon, the claimant filed a notice of injury on December 30, 1980, which described an *823 injury to Ms back with left leg dysfunction as a result of lifting cases of oil or tires at work. Although the claimant complained of leg weakness after his accident, his authorized physicians did not accord any independent significance to that condition. In January 1982, the claimant for the first time related a history of an eleven or twelve foot fall into boxes at the employer’s business on November 28, 1980. Despite the new history of a fall, the claimant’s physicians did not relate the claimant’s complaints of lower extremity weakness to any injury other than the back injury. After the two-year statute of limitations period expired, the claimant underwent arterial bypass surgery, which disclosed that the claimant suffered from an occluded left iliac artery. The medical testimony revealed that the claimant’s occluded left iliac artery was causally related to his fall on November 28,1980. This court found that, as explained by the Florida Supreme Court in Escarra v. Winn Dixie Stores, Inc., 131 So.2d 483 (Fla.1961), the recognition of the probable com-pensable character of an injury or disease requires that the claimant, as a reasonable person, have knowledge of facts that would indicate to him that a physical impairment is causally related to a previous minor accident. Herb’s Exxon, 487 So.2d at 1172. The court held that, under the facts and circumstances, the claimant could not have realized a causal relationship between his fall and the arterial occlusion until June or July of 1983, when his condition was ultimately diagnosed. Id.
In the present case, the employer and servicing agent agree that they received all the medical information that the claimant received concerning the relationship between his headaches and the March 24, 1987, accident. They contend, however, that this information was not sufficient to put them on notice between 1987 and 1994 that the claimant’s headaches were causally related to his industrial accident. That being the case, this same information supplied to the claimant during the relevant period would be legally insufficient to put the claimant on notice that his headaches were attributable to the industrial accident. Under the principle of this court’s decision in Herb’s Exxon, the claimant would not have been required to file a claim until he, as a reasonable person, had knowledge of facts that would indicate to him that his headaches were causally related to the industrial accident.