PER CURIAM.
The employer/carrier (E/C) appeals an order of the Judge of Compensation Claims (JCC) finding Claimant’s claim was not time-barred by the notice provisions of section 440.185(1), Florida Statutes (2007). The E/C argues that the JCC erred by finding Claimant complied with the statute by informing the E/C of her injury within thirty days of realizing the nature, seriousness and probable compensable character of the injury. For the reasons explained below, we affirm.
Section 440.185(1), as amended effective January 1, 1994, provides, in relevant part:
An employee who suffers an injury arising out of and in the course of employment shall advise his or her employer of the injury within 30 days after the date of or initial manifestation of the injury, (emphasis added).
Prior to being amended, this section did not include the phrase, “or initial manifestation.” The JCC correctly found that, for this phrase to have any effect, it must refer to, or recognize, instances in which an incident occurs, but the injury itself does not manifest itself until sometime later. This interpretation, the JCC correctly noted, is consistent with the “reasonable person” doctrine recognized by the Florida Supreme Court in Escarra v. Winn Dixie Stores, 131 So.2d 483 (Fla.1961). This test provides that the time for notice does not begin to run until the claimant, as a reasonable person, should recognize “the nature, seriousness and probable compensable character of his injury or disease.” Id. at 485.
The E/C argues that the amendment abolished the “reasonable person” doctrine. To the contrary, the doctrine is still a valid basis for finding compliance with section 440.185(1). Consequently, the JCC did not err by applying it.
Because competent substantial evidence supports the JCC’s finding that Claimant complied with section 440.185(1), Florida Statutes, by informing her employer of her injury within thirty days of its initial manifestation, the JCC’s order is AFFIRMED.
BARFIELD, ALLEN, and THOMAS, JJ., concur.