PER CURIAM.
We here consider a petition for certio-rari of claimant, Henry O. Drew, to review the full commission’s order affirming an order of the deputy commissioner dismissing a claim for workman’s compensation. The claim was for two injuries arising from two separate accidents.
Briefly stated, the facts are: Claimant was 62 years old at the time of his injuries. He had been working as a pipe-fitter since 1917. On June 12, 1961, he was assisting fellow employees carry a 42-foot length of welded pipe weighing approximately 400 to 800 pounds over rough, uneven ground. As a result of this lifting *137 and carrying he claimed he injured his neck and shoulders. That evening he went to a doctor for examination and treatment.
Two days later, on June 14, 1961, claimant suffered an injury to his low back during the course of his employment while pulling a plank up on a scaffold. A lamin-ectomy was performed in July 1961 and for this injury claimant was compensated for temporary total disability from June 15, 1961, until September 25, 1961, the day before he attempted to return to light work. Between September 26, 1961, and January 6, 1962, claimant tried to perform light work on occasions but had to terminate his employment because of constant pain.
On January 12, 1962, claimant was discharged by Dr. Albert Wilson, the treating physician, with a 25% permanent partial disability of the body as a whole due to the low back injury. At this time claimant complained to Dr. Wilson of pain and tingling in his neck, left arm, hand and fingers. The doctor thought these to be symptoms of heart trouble and he referred claimant to another doctor for consultation. On February 7, 1962, claimant was hospitalized a third time for further examination and consultation for his cervical complaints. Diagnosis revealed a true nerve root pain and protrusion of an inter-vertebral disc in the cervical vertebrae.
On February 12, 1962 claimant was discharged from the hospital and the respondents declined to furnish him with further medical treatment.
The deputy found that claimant’s lumbar spine injury of June 14, 1961,'re-quired no further medical treatment and there was “ * * * no showing of any greater disability than that permanent partial disability which the carrier has accepted and paid for * * * ” This finding is erroneous. The record does not disclose that claimant has received any compensation for this injury save compensation for temporary total disability from June 15, 1961, until September 25, 1961. The deputy apparently assumed that the employer-carrier had accepted Dr. Wilson’s disability rating and had paid claimant permanent partial compensation for it. The deputy failed to make any individual determination as to the degree of claimant’s residual permanent partial disability from the lumbar injury although the deputy obviously thought that claimant was to some degree permanently partially disabled.
In regard to claimant’s cervical complaints and the accident of June 12, 1961, the deputy found that no report of this accident was made to the employer or insurance carrier. This, too, appears to be in error. It is clear and unrebutted in the record that the claimant notified his general foreman of the accident on the evening of the accident and also reported it the next day to his immediate foreman who was supposed to fill out accident reports for the employer. Claimant’s notice of his accident to his general and immediate foreman was sufficient notice to the employer. See Borden’s Dairy v. Zanders, 42 So.2d 539 (Fla.1949); Lee v. Florida Industrial Commission, 148 So.2d 268 (Fla.1962).
It appears that the deputy’s other findings-as to claimant’s cervical complaints were unduly influenced by his erroneous finding that the claimant never properly notified the employer-carrier of the accident.
Certiorari is granted. The order of the full commission is quashed. The cause is remanded with directions to quash the deputy’s order and to remand the cause to him for the purpose of entering an order not inconsistent with this opinion and containing adequate findings of fact as required by Hardy v. City of Tarpon Springs, 81 So.2d 503 (Fla.1955), and Ball v. Mann, 75 So.2d 758 (Fla.1954).
DREW, C. J., and THORNAL, ERVIN and HOBSON (Ret.), JJ., concur.
CALDWELL, J., dissents.