276 So.2d 468 (1973)
Therese NELSON, Petitioner,
v.
HEBREW HOME FOR AGED et al., Respondents.
No. 42432.
Supreme Court of Florida.
April 4, 1973.
Rehearing Denied May 10, 1973.
Donald F. Harrington, Miami, for petitioner.
Robert H. Gregory, Coral Gables, and Kenneth H. Hart, Jr., Tallahassee, for respondents.
McCAIN, Justice.
In this workmen's compensation case, claimant seeks review of an order of the Industrial Relations Commission reversing an award of the Judge of Industrial Claims for lack of competent substantial evidence. We agree with claimant that there is competent substantial evidence in the record to support the award of the Judge of Industrial Claims and reverse.
Claimant was injured on July 5, 1970 in the course of her employment with respondent when she was kicked in the abdomen by a patient. The following day she began to bleed vaginally, and on July 10, 1970 she was hospitalized and a D & C of the uterus was performed. The D & C revealed that claimant was not pregnant. The employer conceded that a work-related accident had occurred, but argued that the injuries suffered were not causally related to the accident.
Two physicians, both gynecologists, testified at the hearing before the Judge of Industrial Claims. Dr. Stanley Johnson testified that claimant had been his patient both before and after the accident. Prior to the accident, claimant visited Dr. Johnson on three separate occasions complaining of pain in her abdomen and nausea. Pregnancy tests were administered on two occasions, but both proved negative. Claimant next visited Dr. Johnson on July 7, 1970, two days after the accident. At that time she complained of some pain and continuous vaginal bleeding. She was thereupon admitted to the hospital and a D & C was performed.
On the question of causal relationship, Dr. Johnson first testified that there was *469 a "possibility" that the accident was causally related to claimant's abdominal condition. On cross-examination he again used the word "possibility" but corrected himself in the following exchange with the Judge and the carrier's attorney:
"THE JUDGE: The question was probability, Doctor; not possibility.
"THE WITNESS: In that case, I will say it is a probability that this could be the reason for it to start bleeding...
"MR. FREISNER (Carrier's attorney): Would this be an educated speculation, or educated guess on your part?
"A. Under the circumstances, I would say yes."
Dr. Cantor also testified for claimant. Apparently, however, he was laboring under the misapprehension that claimant was pregnant and had miscarried at the time of the D & C, which was not in fact the case. Possibly this confusion was due to the fact that Dr. Cantor did not examine claimant until January 21, 1971, some months after the accident. It appears from Dr. Cantor's testimony that he was not fully aware of claimant's medical history; at least, he did not know of her visits to Dr. Johnson prior to the accident. With regard to causal relationship Dr. Cantor testified: "... it is possible for her injury to have caused some damage inside of her uterus to give her the positive physical findings."
The Judge of Industrial Claims determined that the internal bleeding (which continued subsequent to the D & C) was causally related to the accident and resulted in a 5% permanent partial disability of the body as a whole.
On appeal, the Full Commission reversed because it felt that there was insufficient evidence of causal relationship between the disability and the accident. The Commission observed:
"In reviewing the testimony of Dr. Johnson, we find that it is based upon possibilities and not probabilities. He concedes `under the circumstances', he would say it is `educated speculation' as to whether her condition was caused by the blow or pre-existed."
Disregarding the testimony of Dr. Cantor (as did the Full Commission), we nevertheless find ourselves in disagreement with the Commission's evaluation of the testimony relating to causal relationship. It is true that the causal relationship test is one of reasonable medical probability  not possibility  but we are persuaded on a careful examination of the record that the difficulty in this instance is purely semantic. Dr. Johnson admitted that he rarely handled workmen's compensation cases, and his overall testimony indicates that he was unfamiliar with the precise terminology of the causal relationship test established by this Court. When asked by the judge to respond to questions in terms of probability, the doctor unhesitatingly found a probable connection between the accident and the internal bleeding. We think this is sufficient under the circumstances to permit a conclusion that a causal relationship existed.
Accordingly, certiorari is granted, and the judgment of the Industrial Relations Commission is quashed. Additional issues were presented before the Full Commission on application for review and before this Court on certiorari, but none of these were reached by the Commission because of its finding of insufficient evidence of causal relationship. Therefore, the cause is remanded to the Commission for consideration of the remaining issues raised on application for review, and for entry of an order consistent with this opinion.
It is so ordered.
ERVIN, Acting C.J., and ADKINS, BOYD and DEKLE, JJ., concur.