PER CURIAM.
Appellant, who had a pre-existing back injury, began working for a Ranch House Restaurant in November 1973. One day in *271 1974, while waiting tables, she lifted a tray, carried it to the back of the restaurant, and felt a severe popping in her back. She reported the incident to the cashier, who told her to go to a hospital. Ultimately, appellant was diagnosed as having a herniated lumbar disc; she had surgery in June 1974. A neurological surgeon who saw her in 1978 gave her a twenty percent permanent partial disability to the body as a whole, fifteen percent of which he attributed to her accident.
The judge of industrial claims denied benefits on three grounds, which constitute the bases for this appeal: appellant’s claim for benefits listed the date of accident as March 21,1974, yet her initial treating physician and the hospital records show May 1974 as the actual date of injury; all the permanent disability was caused by the preexisting condition and two subsequent automobile accidents; and the initial physician’s files contain no history of an accident at the restaurant.
We affirm as to the third ground. The physician simply said his notes showed no history of the restaurant accident, but he added that he simply could have left out reference to the accident when he made his notes. The doctor’s records do not refute that there was an accident; they simply fail to confirm one.
Appellant’s first two points however, demonstrate error. It is true that the claim lists an incorrect date. It is also true, however, that, the day after the accident, appellant notified the cashier, and the cashier had her fill out a report and go to the hospital. This evidence was uncontradicted by appellees, as was testimony that the cashier was at least the waitresses’ ex offi-cio supervisor.
A line of cases holds such notice sufficient. In Phelps v. Gunite Corp., 279 So.2d 829 (Fla.1973), claimant told his foreman he was quitting because of continued skin irritation from his work. Hester v. Westchester General Hospital, 260 So.2d 505 (Fla.1972), involved notice to a nursing supervisor. And in Drew v. Wellman-Lord Engineering Co., 166 So.2d 136 (Fla.1964), claimant told his general foreman he had suffered an accident, and the next day he repeated this information to his immediate foreman. In the instant case, despite the erroneous date on the claim for benefits, appellant’s report to the cashier was notice to the appellees.
As to the second point, essentially the only basis for finding no compensable disability is that if no accident occurred at the Ranch House on March 21, 1974, no accident ever occurred there. By contrast, the record contains appellant’s testimony that she could perform all her duties before the accident, her account of reporting it to the cashier, the initial physician’s statement that if there had been an accident, it would have aggravated appellant’s pre-existing back condition, and, most telling, the neurosurgeon’s testimony that fifteen percent of appellant’s twenty percent permanent partial disability was “referable to the May of ’74 accident and the subsequent surgery.” The record thus contains competent, substantial evidence to support appellant’s claim but no competent, substantial evidence to support appellees’ contrary position.
Affirmed in part and reversed in part.