LARRY G. SMITH, Judge.
The employer/carrier appeal an order finding claimant’s average weekly wage to be $150.00, requiring them to pay the medical bills of Dr. Turke, Dr. Harrison and Dr. Gilbert because their services were “reasonable and necessary,” and awarding an attorney’s fee based on allegedly unauthorized medical bills and benefits which they contend were timely paid. The claimant cross-appeals challenging the deputy commissioner’s finding of minimal disability and his reliance on the report of Dr. Wruble rather than Dr. Harrison’s testimony and Dr. Schofman’s report. We affirm the deputy commissioner’s order in all respects as it is supported by competent substantial evidence.
*343 The claimant, age 63, was employed as a desk manager for a hotel when he was struck on the head during a robbery attempt. His testimony and that of his employer confirms that his average weekly wage at the time of his injury was $150.00 per week. At the hearing, he complained of constant headaches and dizziness and stated that since his accident he has been unable to work. He was seen by several doctors whose disability ratings ranged from 0-5% permanent partial disability up to 45% permanent partial disability. Because of his knowledge of their abilities in this field, the deputy commissioner appointed Dr. Wruble, an otolaryngologist, and Dr. Ehlert, a neurosurgeon as independent examiners. Based on their reports of a minimal disability, upon which the deputy commissioner placed the greatest degree of credibility, and the reports of two other doctors, the deputy commissioner found a permanent partial disability of 15%. We find the deputy commissioner sufficiently explained his reasons for choosing the medical opinions of Dr. Wruble and Dr. Ehlert over those of the other doctors. Buro v. Dino’s Southland Meats, 354 So.2d 874 (Fla. 1978). In regards to the employer/carrier’s assertion that they accepted a 17'/2% rating and paid the resultant benefits, we note the pre-trial stipulation belies this contention as it reflects their position that no permanent partial disability over 2V2% of the body was due. Accordingly, the deputy commissioner did not err in awarding a fee based upon the recovery of benefits.
The only provision of the order which deserves extended discussion is that one requiring payments of the medical bills of Dr. Turke, Dr. Harrison and Dr. Gilbert because their services were “reasonable and necessary.” We recognize this is not the standard to be applied. Atlantic Cold Storage v. Hernandez, IRC Order 2-3071 (November 22,1976). Section 440.13(1), Florida Statutes (1975), requires the employer to furnish medical attention and requires the employee to request medical attention of the employer before the employee can provide these services for himself at the expense of the employer. The statute further provides in part:
[N]or shall any claim for medical, surgical, or other remedial treatment be valid and enforceable unless within 10 days following the first treatment . .., and thereafter at such intervals as the division by regulation may prescribe, the physician or other recognized practitioner giving such treatment or treatments furnish to the division and to the employer, or to the carrier if the employer is not self insured, a report of such injury and treatment . .., provided that a judge of industrial claims for good cause may excuse the failure of the physician or other recognized practitioner to furnish any report within the period prescribed .... (Section 440.13(1))
A finding by the deputy commissioner that medical services are “reasonable and necessary” is not analogous to a finding of excu-sal. Atlantic Cold Storage v. Hernandez, supra; Baptist Hospital v. Mack, IRC Order 2-2961 (May 7, 1976), cert. den. 341 So.2d 1079 (Fla.1976). Nevertheless, we agree the award should be affirmed in this case because claimant testified, without contradiction, that his employer told him to see whatever doctors he needed to see. Further, Dr. Turke testified that he called the employer and was granted permission to treat the claimant. His testimony was not contradicted by the employer. Since claimant was referred to Dr. Harrison and Dr. Gilbert, by Dr. Turke, an authorized physician, the employer/carrier is under a duty to pay their bills. Buena Vista Construction Company v. Theis, 7 FCR 377 (March 28, 1973), and cases cited therein. Finally, concerning the employer/carrier’s argument that the medical bills should not be paid because their medical reports were not filed with the Department of Commerce or the employer/carrier, we affirm for lack of any indication in the record that this point was raised at the time of the hearing below. The parties’ pre-trial stipulation merely states the employer/carrier’s position to be “all other med unauthorized.” The order is accordingly affirmed. Ocuto v. Malone, IRC Order 2-3668 (January 24, 1979).
ROBERT P. SMITH, Jr. and WENT-WORTH, JJ., concur.