393 So.2d 657 (1981)
SCOTTY's, INC. and Crawford and Company, Appellants,
v.
John H. JONES, Appellee.
No. TT-312.
District Court of Appeal of Florida, First District.
February 11, 1981.
*658 Robert W. Elton, Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellants.
Edward H. Hurt, of Hurt & Parrish, P.A., Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.
JOANOS, Judge.
The employer/carrier appeal a Workers' Compensation Order, awarding permanent partial disability benefits to the claimant, based on loss of wage earning capacity. We find merit in two points raised for review, and accordingly reverse.
The deputy commissioner found that the claimant had suffered an industrial accident which resulted in injuries to his back, neck and arms. Appellants do not dispute that the claimant's neck and arm injuries were caused by his accident. However, they urge that there is not substantial, competent evidence to support the finding of a causal relationship between the accident and claimant's back problems.
It is well established that a finding of a causal relationship must be based upon a reasonable medical probability  not *659 possibility. Nelson v. Hebrew Home for Aged, 276 So.2d 468 (Fla. 1973). Reasonable medical probability may be predicated upon either lay or medical testimony. Orange County Board of County Commissioners v. Brenemen, 233 So.2d 377 (Fla. 1970). However, lay testimony is not sufficient to establish a causal relationship between the accident and conditions which are not readily observable or discoverable without medical examination. Decks, Inc. of Florida v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980).
In the instant case, the claimant testified that he first began to experience pain in his lower back some nine to twelve months after the industrial accident. He also indicated that two months before the accident, he had pulled a muscle in his back, requiring him to miss time from work; but that he had not injured his back since the accident.
The only medical testimony on this issue is that of Dr. Montoya, one of the treating physicians. Dr. Montoya stated that it was unusual, but not completely impossible, to develop such a late onset of symptoms. However, he was "really doubtful" that claimant's back problems were related to the industrial accident.
In cases where there is a lapse of time between the accident and the manifested results, proof of a causal relationship becomes critical. Wackenhut Corporation v. Ellis, IRC Order 2-3402 (April 18, 1978), cert. denied, 376 So.2d 71 (Fla. 1979). We find that the evidence here is insufficient to establish a causal relationship between claimant's lower back problems and his industrial accident, within a reasonable medical probability. Therefore, that portion of the deputy commissioner's order must be reversed.
The second assignment of error in this case is the finding that claimant sustained a 20% loss of wage earning capacity. Appellants contend that claimant failed to establish that he sought employment after reaching maximum medical improvement from his injuries. Such a showing is clearly required in order to justify an award of compensation based upon a diminution of wage earning capacity. Exxon Company v. Alexis, 370 So.2d 1128 (Fla. 1978). The deputy commissioner made no specific finding regarding claimant's ability to obtain work on the open labor market, in his after-injury condition. The only evidence in this regard consists of notations in the medical reports of two treating physicians, to the effect that claimant had made several attempts to obtain employment, but had been refused, due to his disabilities. Such evidence is not adequate to sustain a finding of loss of wage earning capacity, because it does not specify when and where claimant sought employment, and whether or not the positions applied for were within claimant's physical limitations. See Milex Southern Medical, Inc. v. Osuna, IRC Order 2-3763 (April 12, 1979), cert. denied, 383 So.2d 1200 (Fla. 1980).
Nevertheless, it does appear that claimant did make some effort to obtain work, and it is undisputed that he was unable to return to his former employment as a truck driver. We believe, therefore, that claimant should not be strictly limited to a disability rating equivalent to his anatomical impairment.
In light of these facts, we feel that this issue should be remanded to the deputy commissioner for further findings in this regard, including consideration of any additional evidence on this point, which may be submitted by the parties.
Appellants next urge that the deputy commissioner erred in basing her determination of loss of wage earning capacity on the premise that the claimant can be rehabilitated. We find that any possible error in this regard would be in appellants' favor, and, therefore, harmless.
The order is reversed as indicated above, and remanded for further consideration in accordance herewith.
McCORD and SHIVERS, JJ., concur.