427 So.2d 207 (1983)
FRIENDLY FORD and Liberty Mutual Insurance Company, Appellants,
v.
Kenneth HURRELL and the Division of Workers' Compensation, Appellees.
No. AJ-327.
District Court of Appeal of Florida, First District.
February 8, 1983.
Rehearing Denied March 16, 1983.
*208 Robert H. Gregory, Miami, for appellants.
Gene Flinn, Miami, for appellee Kenneth Hurrell.
SHIVERS, Judge.
The employer/carrier (E/C) appeal the order awarding claimant benefits for a 30% loss of wage-earning capacity, compensation for past medical bills and attorney's fees. We affirm in part and reverse in part.
Claimant sustained a compensable injury on May 13, 1976, to his left groin and testicle. The following day, claimant sought treatment from Dr. Nelson, who diagnosed claimant's condition as a left inguinal strain. Claimant continued to work for the E/C until September 7, 1976, when Dr. Nelson *209 put claimant in the hospital to treat him for rectal bleeding. At that time, an examination of claimant's spine was performed. The results of the examination indicated "no obvious deformities." During October of 1976, claimant consulted Dr. Mitzner, a chiropractor, for treatment for low back pains. Dr. Mitzner referred claimant to Dr. Johns, a neurosurgeon, who examined claimant and concluded that he was suffering from a herniated disc. Based on this finding, Dr. Johns performed surgery on claimant and, thereafter, discharged claimant with a 13% permanent partial disability of the body as a whole. In February of 1977, claimant filed a claim seeking temporary total disability (TTD) benefits, permanent total disability (PTD) benefits, payment of any unauthorized medical services, wage-loss benefits in excess of the anatomical rating, payment for future medical and nursing services, and attorney's fees. The E/C controverted the claim contending that any injury relating to claimant's back was not compensable and that the E/C were not responsible for the cost of claimant's medical treatment because claimant had failed to comply with the filing requirements set forth in section 440.13, Fla. Stat. (1979). The Deputy Commissioner (DC) found that claimant's back injury was compensable and that the E/C were responsible for the medical costs for treatment of that injury. The DC also found that claimant had suffered a 30% loss of wage-earning capacity and that claimant's attorney was entitled to an attorney's fee in the amount of $4,157.40. At the time of the claimant's injury, claimant's average weekly wage was $225 per week. In the succeeding years since claimant's injury, he has earned between $460 and $570 per week.
We first address the question of whether there is competent and substantial evidence in the record to support the DC's finding that claimant's back injury was causally related to his industrial accident on May 13, 1976. It is well established that a finding of a causal relationship must be based upon a reasonable medical probability. Scotty's, Inc. v. Jones, 393 So.2d 657 (Fla. 1st DCA 1981). In this case, Dr. Johns testified that claimant's back injury was causally related to his accident. Dr. Johns premised this conclusion on the medical history of claimant's back injury as related to him by claimant. In addition, Dr. Johns qualified his opinion as to causation by stating that if the symptoms of claimant's back injury had not manifested themselves until five months after the accident, it would be "unusual" for the back injury to be causally related to the accident. Appellant contends that since claimant did not seek treatment for his back injury until five months after the accident, Dr. Johns' testimony must be construed to mean that claimant's back injury was not causally related to his accident. We disagree.
Claimant never testified that he did not experience symptoms from his back injury until five months after the accident; instead, he merely testified that the problems with his back had not "concerned" him enough to seek medical treatment until five months after the accident. This statement is not inconsistent with Dr. Johns' medical opinion as to causation. Moreover, to the extent that Dr. Johns' opinion is premised on the fact that claimant experienced back discomfort immediately following his industrial accident on May 13, 1976, it is supported by a proper factual foundation. On this basis, we find that Dr. Johns' testimony is sufficient to support a finding of causation.
Turning next to the question of permanent partial disability benefits, we agree with the E/C's contention that the award of permanent partial disability benefits in the amount of 30% is not supported by competent and substantial evidence. In Walker v. Electronic Products & Engineering Company, 248 So.2d 161 (Fla. 1971), the Florida Supreme Court set forth eight criteria which should be considered when measuring a claimant's loss of wage-earning capacity. Although the DC appears to have commented on each of the criteria, we believe that he failed to give "great weight" to the wages claimant earned after the injury, as required by Walker. The record reveals *210 that at the time of claimant's injury his average weekly wage was $225 per week, that following his accident, claimant earned between $460 and $570 per week, and that he had no problem finding employment within his limitations. In view of these facts, we find that there is no competent and substantial evidence in the record to support a finding that claimant sustained a loss of wage-earning capacity in excess of his 13% anatomical rating. On this basis, we amend the DC's order to reflect an award of permanent partial disability benefits in the amount of 13%.
We also reverse the order awarding claimant payment for past medical bills on two grounds. First, we reverse the award of medical benefits on the ground that claimant failed to introduce into evidence the medical bills for which he sought compensation. In Decks, Inc. v. Florida v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980), this court held that medical benefits are not properly awarded when the medical bills are not introduced into evidence. In this case, the medical bills were proffered but were not introduced into evidence. Moreover, aside from the testimony of Dr. Johns, there was no direct testimony by any of the other physicians as to the amounts of their bills and to their causal relationship to the treatment rendered. Based on these facts, we remand the matter to the DC with instructions that the award of medical bills should be reinstated upon a showing of proper proof.
We also reverse the order awarding payment for past medical expenses on the ground that the DC never made a finding concerning the question of whether claimant had complied with the filing requirements set forth in section 440.13(1), Fla. Stat. (1981), even though the E/C affirmatively alleged claimant's noncompliance with this statute as a defense to the claim. Although the DC found that the medical benefits in question were necessary, he never made a finding as to whether claimant was in compliance with the filing requirements of section 440.13, and, if not in compliance, whether "good cause" existed for his noncompliance. A finding that medical treatment is necessary is not analogous to a finding of excusal for failure to comply with the filing requirements set forth in section 440.13(1). On this basis, we reverse the award of medical benefits and remand the matter for determination as to whether claimant submitted his medical bills as required by section 440.13(1), and, if not, whether there was prejudice to the E/C or whether "good cause" was shown. See Paradise Inn v. Hegedus, 389 So.2d 342 (Fla. 1st DCA 1980), and Jones v. Plantation Foods, 388 So.2d 590 (Fla. 1st DCA 1980).
In reversing the award of compensation for past medical benefits, we reject the E/C's contention that the award should also be reversed on the ground that claimant failed to file a claim for medical expenses. The claim letter dated February 17, 1977, from counsel for claimant to the Bureau of Workers' Compensation is clearly sufficient to serve as a claim for the medical benefits in question.
Based on our finding above, we must also reverse and remand the award of attorney's fees for a redetermination because that award is based, in part, on the total amount of medical benefits recovered by claimant. In reversing the award of attorney's fees, we reject the E/C's contention that this award should also be reversed on the ground that the DC erred in basing the award on a finding that claimant's counsel spent 50 billable hours on this case. The award of a reasonable attorney's fee and, more specifically, the determination as to the amount of billable time spent by counsel for claimant, was based on a modification of the billable time sheet which counsel for claimant introduced into evidence. This represents a proper method for calculating an award of attorney's fees. See generally Lee Engineering & Construction Co. v. Fellow, 209 So.2d 454 (Fla. 1968).
For the above reasons, the order is reversed and the matter remanded to the DC *211 for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.