WIGGINTON, Judge.
Employer/carrier appeal the deputy commissioner’s order finding appellee Register’s knee injury compensable. We affirm.
Register originally injured his left knee in a work related accident on December 30, 1980, having experienced no prior knee problems according to his testimony. Register, his wife, and stepfather all testified that after that injury Register continued to have severe problems with his left knee and often suffered knee pain. His treating physician, Dr. Blake, an orthopedic surgeon, diagnosed a knee sprain after performing tests, including an arthroscopy, and finding no abnormalities in the knee. He testified that he had suspected a meniscal tear because of Register’s complaints of his knee popping and buckling and he could not connect the popping symptom with a mere sprain. He further testified that “there are false negatives in arthroscopies.” He believed Register to be a “straightforward fellow” and because the patient continued to be symptomatic, Dr. Blake did not exclude the possibility that he had misdiagnosed Register’s condition.
On November 15,1981, Register reinjured his left knee when, after cleaning the back of his pickup truck, he put his hand on the tailgate and hopped down about three feet, landing on his right foot first and then on his left. When he put weight on his left leg, his left knee popped and buckled and soon began to swell. Dr. Blake examined Register the next day and found a number of mechanical injuries, including a cruciate tear. He stated that such an injury commonly is caused from a sudden deceleration, such as would occur when a knee receives the impact of a jump. He further stated that conceivably Register had some cruciate injury as a result of the December, 1980, accident which did not show up in the earlier tests but made the knee weaker and then susceptible to reinjury at the time of the second incident.
Employer/carrier refused payment for any benefits for the November, 1981, accident, claiming that it was not compensable. The deputy commissioner determined that the November, 1981, injury was due to weakness in the knee as a result of the December, 1980, accident and thereupon awarded benefits. She also found Register entitled to an attorney’s fee pursuant to Section 440.34(2)(c), Florida Statutes.
*949 The employer/carrier contend that no causal connection between the first and second injury has been shown within a reasonable degree of medical probability and also that the second injury was due to an intervening cause not related to the first injury and therefore is not compensable. Sosenko v. American Airmotive Corporation, 156 So.2d 489 (Fla.1963).
We acknowledge that the record contains no medical testimony that “within reasonable medical probability” the two injuries were directly related. However, Dr. Blake did testify that he could not explain Register’s continued symptoms following the first injury based on his diagnosis of a mere sprain. He also believed Register’s complaints were sincere. We further recognize the general rule that a finding of a causal relationship must be based upon a reasonable medical probability — not possibility. Scotty’s, Inc. v. Jones, 393 So.2d 657 (Fla. 1st DCA 1981); Nelson v. Hebrew Home for Aged, 276 So.2d 468 (Fla.1973). However, reasonable medical probability may be predicated upon either lay or medical testimony[1] or a combination of both in appropriate circumstances.
A combination of the lay and medical testimony in this case provides competent substantial evidence of causal relationship. Dr. Blake was puzzled by Register’s continuing symptoms to the extent that he questioned his diagnosis of a mere sprain and conceded that perhaps the injury to the knee as a result of the first accident could have been more extensive than he originally believed. He stated that the original injury could have weakened the knee so that it was more susceptible to reinjury at the time of the second incident. According to Register and other witnesses, he had not suffered knee problems prior to the December, 1980, accident but suffered continuously thereafter. Further, accepting his version of the November, 1981, incident — that he hopped down from the back of the truck using his hand and his right leg as the main weight bearers — there is ample evidence that the second injury alone was insufficient to have caused such extensive damage in a healthy knee and thus was not an intervening cause. Accepting all the evidence in a light most favorable to Register, as the deputy commissioner was entitled to do, there is competent, substantial evidence to support the deputy commissioner’s conclusion.
We have considered employer/carrier’s contention that the award of an attorney’s fee was error and find it to be without merit.
AFFIRMED.
ERVIN, C.J., and THOMPSON, J., concur.

. Scotty’s, Inc.; Orange County Board of County Commissioners v. Brenemen, 233 So.2d 377 (Fla.1970).