438 So.2d 123 (1983)
The HORSE HAVEN and Liberty Mutual Insurance Company,
v.
Robert WILLIT, Appellee.
No. AP-258.
District Court of Appeal of Florida, First District.
September 14, 1983.
*124 Daniel L. Hightower, of Green, Simmons, Green, Hightower & Gray, P.A., Ocala, for appellants.
Dorothy Clay Sims, and J.W. Chalkley, III, P.A., Ocala, for appellee.
JOANOS, Judge.
In this workers' compensation case, the Horse Haven and its carrier, Liberty Mutual Insurance Company (E/C) appeal an Order of the deputy commissioner that granted Robert Willit (claimant) temporary total disability benefits and all medical care and costs "as the nature of his injury might require, including psychiatric treatment." The E/C contends that the deputy commissioner erred in its finding that claimant is entitled to compensation for a psychiatric condition arising after a compensable accident in the absence of clear evidence showing claimant's psychiatric condition to be a direct and natural result of the compensable primary injury. We agree.
"It has long been the law in this state that for post-traumatic neurosis to be compensable, it must be the direct and immediate result of the industrial injury and not merely remotely connected with the injury." Franklin Manor Apartments v. Jordan, 417 So.2d 1159, 1160 (Fla. 1st DCA 1982); Superior Mill Work v. Gabel, 89 So.2d 794 (Fla. 1956). The deputy commissioner's order did not contain specific findings that established a causal relationship between claimant's compensable back injury and the hysterical or conversion reaction that followed. Nor does the record contain competent and substantial evidence that would necessarily require either award. There is evidence to support a "possibility" that claimant's hysterical reaction was causally related to his industrial injury, but this relationship must be based upon a "reasonable medical probability  not possibility." Scotty's, Inc. v. Jones, 393 So.2d 657, 658 (Fla. 1st DCA 1981); Nelson v. Hebrew Home for Aged, 276 So.2d 468 (Fla. 1973). For these reasons, we reverse and remand the order for further proceedings consistent with this opinion. See Scotty's, Inc. v. Jones, supra, at 659. See also, University Inns v. Davis, 413 So.2d 128 (Fla. 1st DCA 1982).
It would be well to note, however, in view of the probability of additional medical evidence being presented below, that the "reasonable medical probability" standard may be met notwithstanding the failure of a doctor to use the "magic words"  "reasonable medical certainty" in causally relating the claimant's hysterical or conversion reaction to his physical injury. See, Castro v. *125 Florida Juice Division, 400 So.2d 1280 (Fla. 1st DCA 1981).
In light of this determination, the award of attorney's fees is also reversed and remanded for further consideration.
REVERSED and REMANDED.
LARRY G. SMITH and NIMMONS, JJ., concur.