THOMPSON, Judge.
The employer/carrier (E/C) - appeal a workers’ compensation order awarding permanent total disability (PTD) benefits and payment of medical bills, and raise numerous issues, including the propriety of the finding by the deputy commissioner (deputy) that claimant’s heart attack was causally related to his industrial accident. We agree there was no competent substantial evidence of a causal relationship between the heart attack and the accident, and reverse as to this point.
The claimant, a “sky cap” at the Miami International Airport, sustained a compen-sable back injury on January 25, 1978, when he attempted to lift a duffle bag containing heavy scuba diving gear. Claimant came under the care of Dr. Johns, a neurosurgeon who performed surgery on the claimant’s back on May 5, 1978. While under Dr. Johns’s care for his accident related injuries, the claimant remained under the care of Dr. Goldberg, an internist who had been treating claimant for a number of years for preexisting medical problems including intermittent hypertension *1047 and chest pains. Although claimant initially did well following the May 1978 surgery, his condition deteriorated during the late summer and fall, and on November 28, 1978, Dr. Johns performed a second myelo-gram which indicated that claimant might benefit from a second back operation. Because the claimant was not sure he wished to undergo a second surgical procedure, and because Dr. Johns was not entirely certain that additional surgery would benefit claimant, nothing was done for the next several months.
On April 14,1979, tests performed by Dr. Goldberg revealed that claimant had suffered a very mild heart attack sometime during late 1978 or early 1979. Shortly thereafter, Dr. Johns concluded that claimant would benefit from additional surgery, but because claimant’s heart attack had left him in a weakened condition, the second surgery was delayed until December 13, 1979. Claimant did not reach maximum medical improvement following the second surgery until December 17, 1980, at which time he was left with a residual anatomic permanent impairment of 22 percent of the body as a whole, based on his orthopedic problems alone.
The evidence adduced at the several hearings conducted in this case showed that claimant had significant limitations resulting from both his orthopedic injuries and his poor cardiovascular status. Dr. Johns testified that from an orthopedic standpoint, and based upon objective findings alone, the claimant was capable of working. However, Dr. Johns further testified that he had never told claimant he was capable of working or .hould return to work, and that he had no reason to disbelieve the claimant’s reports of inability to perform even the simple day-to-day chores of living. Dr. Goldberg, testifying in deposition, opined that claimant had a total impairment of 80 to 90 percent based on both his back problems and his heart problem. Dr. Goldberg indicated that both the orthopedic problems and the cardiovascular problems were severe, and that claimant was “disabled” and could “barely get around.” In response to questioning concerning a possible causal relationship between claimant’s industrial accident and his heart attack, Dr. Goldberg testified:
I believe that stress can have a result on heart disease. I think you can say the two are a result through that.
[[Image here]]
Well, as I said, I’m a believer that stress is a factor in coronary artery disease.
This man was quite stressed by the accident.
The above quoted testimony is insufficient to establish a causal relationship between the industrial accident and the heart attack claimant suffered some 10 to 16 months later. The sum and substance of Dr. Goldberg’s testimony was that he thought and he believed that stress is a factor in heart disease and that claimant was subjected to stress as a result of his industrial accident. This was not the equivalent of testimony that there was a reasonable medical probability that stress caused by, or resulting from, the industrial accident was the cause of claimant’s heart attack. Such a nebulous and speculative conclusion as to the causal relationship between the accident and the heart attack does not constitute competent substantial evidence that the industrial accident caused the attack. See Kashin v. Food Fair, 97 So.2d 609 (Fla.1957); Newman Heating & Boiler Repair, Inc. v. Newman, 418 So.2d 1008 (Fla. 1st DCA 1982), pet. for rev. den., 429 So.2d 7 (Fla.1983). Because there was an absence of competent substantial evidence to support the deputy’s conclusion that a causal relationship existed between the compensable accident and the heart attack, the award of the costs of medical care rendered in connection with claimant’s heart attack is reversed.
Even if claimant had adduced competent substantial evidence demonstrating a causal relationship between his accident and his heart attack, we would nonetheless be obliged to reverse the award of the medical bills for the treatment of the heart condition. Neither the claimant nor Dr. *1048 Goldberg ever requested that the E/C authorize Goldberg’s treatment. In addition, Dr. Goldberg failed to file reports with the E/C as required by § 440.13(1), Fla.Stat. The deputy made no finding, and the record includes no evidence which could have supported a finding that the doctor’s failure to obtain authorization and to submit reports was excusable. Therefore, the award of the costs of Goldberg’s medical treatment was erroneous. Section 440.13(1), Fla. Stat.; Friendly Ford v. Hurrell, 427 So.2d 207 (Fla. 1st DCA 1983); City of Fort Lauderdale v. Flanders, 416 So.2d 1234 (Fla. 1st DCA 1982).
Because the deputy expressly based his award of PTD benefits on both the orthopedic injuries and the claimant’s heart condition, we find it necessary to remand this case for a determination, to be made on the existing record, whether claimant was rendered PTD as a result of his orthopedic injuries alone. In all other respects, the order on appeal is affirmed. AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
SHIVERS and JOANOS, JJ., concur.