452 So.2d 116 (1984)
WINTER PARK MEMORIAL HOSPITAL and All Risk Corporation of Florida, Appellants,
v.
Juanita BROWN, Appellee.
No. AV-300.
District Court of Appeal of Florida, First District.
June 7, 1984.
*117 C. Thomas Ferrara of Ferrara & Smith, P.A., Altamonte Springs, for appellants.
Robert C. Barrett and Robert A. Donahue of Cooper, Rissman, Weisberg & Jeffery, Orlando, for appellee.
SHIVERS, Judge.
The employer/servicing agent in this workers' compensation case appeal the deputy commissioner's order finding claimant's knee injury compensable and denying the employer/servicing agent's notice defense. We affirm.
Claimant injured her right knee on April 26, 1982, when she slipped and fell on a wet kitchen floor while working for her employer as a salad maker. Claimant's fall was witnessed by the employer's head salad maker and a co-employee. The head salad maker called for the kitchen supervisor who thereafter came over and talked with claimant about her injury, although no accident report was filled out. At the time of her injury, claimant's knee felt tender and a little funny, but claimant continued to work since she believed that she had not sustained a serious injury.
Claimant continued to work for the employer for the next several months. During this period of time, however, claimant experienced pain and tenderness in her knee with her knee becoming stiff at times and claimant being unable to kneel due to the pressure such put on her knee. In February of 1983, claimant quit her job with the employer herein when her knee began to swell and cause claimant increasing pain. Claimant went to see her family doctor, Dr. Stephen Van Ore, in connection with this problem.
Shortly after her visit with Dr. Van Ore, in late February or March of 1983, claimant was getting out of a car when her knee "slipped out of place" and then "slipped back into place" as claimant started up the steps to her house. Claimant again went to see Dr. Van Ore who referred claimant to Dr. Joseph Uricchio. Dr. Uricchio operated on claimant's knee for a torn lateral meniscus on April 27, 1983. Dr. Uricchio's office notes indicate that claimant initially related her knee problems to the "knee slipping" incident in February or March of 1983, rather than the "slip and fall" incident at the hospital in April of 1982. Claimant testified that later on she informed Dr. Uricchio, when it "dawned on her", that her knee problems likely were the result of the slip and fall incident at the hospital. Dr. Uricchio did not dispute that claimant might have told him this.
Pursuant to deposition, Dr. Uricchio opined that a slip and fall type of injury would more likely cause a meniscal tear, such as claimant's, than simply putting a leg out of a door to get out of a car. Dr. Uricchio also opined that a knee problem that has been present for a longer period of time would more likely give the decreased tone and atrophy such as was present in claimant's leg, than one that was more recent. Finally, Dr. Uricchio testified that there was no medical evidence to confirm that claimant had dislocated her knee and that it was possible that claimant could have confused her knee slipping incident in 1983 with the locking that occurs in a knee from a meniscal tear.
In his order, the deputy found that claimant's meniscal tear in her knee was more likely caused by claimant's slip and fall at the hospital on April 26, 1982, than the knee slipping incident in 1983; and that the latter had no measurable effect on claimant's knee problem. The deputy further found that claimant's employer received notice of claimant's accident and that, in any event, claimant prosecuted her claim with that degree of diligence that an ordinarily *118 prudent person would have exercised under similar circumstances. The employer/servicing agent contend the deputy's order is error. We disagree.
The employer/servicing agent first contend that the deputy erred in finding that claimant sustained a knee injury by accident arising out of her employment on April 26, 1982, as opposed to the knee slipping incident in February or March of 1983. To the contrary of the employer/servicing agent's position, we find and hold that the deputy properly found that the slip and fall incident at the employer/hospital in April of 1982 was the more logical cause of claimant's knee injury. We find that the medical testimony of Dr. Uricchio as detailed above, combined with the testimony of claimant as to the chronology of her knee problems, provides competent, substantial evidence upon which the deputy could find that claimant's knee injury, and her resulting knee surgery, were related to the April 26th slip and fall incident at the hospital. See Custodis Const. v. Register, 435 So.2d 947 (Fla. 1st DCA 1983); see also Riddle v. Brevard County Bd. of Public Instruction, 286 So.2d 557 (Fla. 1973); Hester v. Westchester General Hospital, 260 So.2d 505 (Fla. 1972).
The employer/servicing agent next contend, interrelated with their first contention, that claimant's disability was precipitated by claimant's knee slipping incident, rather than the slip and fall incident at the hospital. In this regard, we refer the employer/servicing agent to Custodis Const., supra, at 949, which we find factually similar and controlling as to the instant case.
Finally, the employer/servicing agent contend that the deputy erred in finding that the employer had adequate notice of claimant's accident. Again, we disagree with the employer/servicing agent's contention. Here, claimant testified that the employer's head salad maker, who witnessed claimant's accident, directed claimant's activity in the kitchen and that she (claimant) regarded this individual as her supervisor and/or boss. As such, we find that the head salad maker could be viewed as claimant's ex officio supervisor to whom notice of the accident was sufficient. See Collier v. Ranch House Restaurants, Inc., 381 So.2d 270 (Fla. 1st DCA 1980), rev. denied, 389 So.2d 1114 (Fla. 1980). Furthermore, claimant testified, and the deputy specifically found claimant's testimony to be credible, that the kitchen supervisor was informed of claimant's accident and witnessed the aftermath of such. Again, we find that this factual situation would constitute adequate notice to the employer. See Hester v. Westchester General Hospital, supra. Additionally, we agree with the deputy that, in any event, claimant prosecuted her claim with the degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. See Riddle v. Brevard County Bd. of Public Instruction, supra.
Accordingly, the deputy's order is AFFIRMED in all respects.
MILLS and WIGGINTON, JJ., concur.