MILLS, Judge.
The issue raised by this worker’s compensation appeal is whether Aviles sustained a compensable injury. She did not and we reverse the deputy’s order.
Aviles was working in Amoco Container’s warehouse on 19 August 1982 when a machine exploded and caught fire approximately 50 feet away from her. She was the only one in the area at the time. As she attempted to flee the scene, she struck her head, bruised her arm, and injured her wrist. However, she did not receive any medical treatment for these physical injuries.
Dr. Suarez, a psychiatrist, examined Aviles on 20 August 1982 and found her to be very anxious and disoriented. After the initial visit, Dr. Suarez did not see Aviles again until 9 June 1983. At this time he found that she was still in a state of high anxiety and prescribed medication for the condition. He also testified that Aviles never mentioned any physical trauma to him. The most that Dr. Suarez ever testified to was that Aviles’ psychiatric condition was related to “the incident.”
Approximately one week after the fire, Aviles returned to work. She continued to work for approximately nine months thereafter. She took a leave of absence on 27 May 1983 because of chest pains and has not returned to work since then.
Dr. Leiva, another psychiatrist who examined Aviles, testified that her condition was caused by the fear associated with the explosion.
Dr. Dow whose deposition was used at the hearing never expressed an opinion on the causation issue.
Aviles failed to demonstrate that her psychiatric condition was causally related to any compensable injury. Rather, the evidence shows that her condition was one caused by fright or excitement only, and it is therefore not compensable. Section 440.-02(18), F.S. (1983).
Aviles argues that this case is controlled by Prahl Brothers, Inc. v. Phillips, 429 So.2d 386 (Fla. 1st DCA 1983). Prahl Brothers is distinguishable. In that case, the evidence clearly established that the claimant’s psychiatric impairment was precipitated by the employment-related robbery, and that a gun being placed to the claimant’s head and a ring being physically removed from her finger were significant circumstances in the causal etiology of her mental injury. There was no such evidence here.
The deputy relied on the testimony of Dr. Suarez and Dr. Dow on the issue of causation. Dr. Dow never expressed an opinion on that issue. Moreover, the most that Dr. Suarez ever testified to was that the psychiatric condition as of 9 June 1982 was related to “the incident.”
The facts of this case are more similar to those in Horse Haven v. Willit, 438 So.2d 123 (Fla. 1st DCA 1983). Although the claimant in Horse Haven did suffer a com-pensable back injury, there was no clear evidence showing that claimant’s psychiatric condition was the direct and natural result of the compensable primary injury.
REVERSED.
WIGGINTON, J., concurs.
SHIVERS, J., dissents with opinion.