478 So.2d 863 (1985)
William J. BROADFOOT, Appellant,
v.
ALBERT HUGO ASSOCIATION, INC., and Mission Insurance Company, Appellees.
No. BD-150.
District Court of Appeal of Florida, First District.
November 20, 1985.
Rehearing Denied December 13, 1985.
*864 John M. Bryant, Jacksonville, for appellant.
Robert E. O'Quinn, Jr., and David A. McCranie of Webb, Swain & O'Quinn, Jacksonville, for appellees.
SMITH, Judge.
Claimant appeals an order of the deputy commissioner determining that his heart attack was not compensable. Because the order does not contain findings of ultimate fact with a degree of specificity enabling us to determine the factual and legal basis for the deputy's conclusion, we reverse and remand for further findings. Mobley v. Fulford Van & Storage, 390 So.2d 426 (Fla. 1st DCA 1980); Westberry v. Copeland Sausage Company, 389 So.2d 1214 (Fla. 1st DCA 1980); and Kennedy v. Tyson, 382 So.2d 820 (Fla. 1st DCA 1980).
Claimant was employed as an interior decorator. In the month preceding his heart attack he was required to rearrange furniture on the showroom floor, and continually move heavy pieces of furniture, because the employees who usually perform this task were assigned to another job. While moving this furniture, claimant experienced pain in his left arm, off and on, which he thought was a sore muscle. He later learned that he was probably experiencing angina.
On May 2, 1984, the day of his heart attack, claimant helped a colleague look for fabric in a hot, un-airconditioned warehouse for an unusually long time. The fabric was in rolls which had to be lifted by claimant. Claimant experienced pain in his left arm immediately while performing this task. Later, claimant loaded his car with samples and went to an appointment at a client's home to measure 25 foot draperies, swags, sheers, over-draperies, and liners. While measuring for drapes was not an unusual activity, claimant testified this particular job was more difficult because of the size of the drapes he was measuring *865 for. While performing this job, claimant had arm pain and chest pain together for the first time. Also, claimant had an upsetting experience that day when a carpet installation for one of his best clients which was scheduled to be done in the afternoon had to be rescheduled. When claimant returned to the showroom, he continued to experience arm and chest pain which became increasingly more excruciating until he was taken to the emergency room where he was diagnosed as having had a heart attack.
Dr. Short testified that based on a reasonable medical probability, it was unlikely that claimant's act of moving furniture during the month preceding his heart attack had caused his heart attack. In explanation, Dr. Short testified that heart attacks caused by extreme activity usually follow in a close period of time after the activity. Concerning the events of the day of claimant's heart attack, Dr. Short was asked the following question to which he responded:
Q. If you assumed that on the day Mr. Broadfoot was hospitalized he had experienced some left arm pain while moving and lifting some rolls of fabric at the store and that he had then loaded up some fabric into his station wagon, had gone out to a prospective customer's home and had measured for some draperies and had made a presentation to the people in their home, and while doing that had also experienced that left arm pain, and then following that presentation in the home, drove back to his office where he stayed for a little while and then went to the hospital, would those facts change your opinions that you've given today?
* * * * * *
A. That type of activity, if it's something that he has not  well, even regardless of whether he's used to doing it, heavy lifting, any sort of heavy lifting by virtue of the inordinant amount of strain it puts on the heart, can precipitate a heart attack.
The deputy's very brief order recites no findings of fact, except as included within the following conclusion:
Based on Dr. Short's testimony, the unusual physical exertion claimant sustained at work did not cause or precipitate, and was not shown to have aggravated or accelerated, the heart attack.
Thus, while the order does conclude that claimant sustained an unusual physical exertion at work, it does not explain whether this relates to the events preceding the day of claimant's heart attack (claimant's act of moving furniture during the month of April), or whether it relates to the events which occurred on the day of claimant's heart attack. If the deputy, relying upon Dr. Short's testimony, found that claimant's act of moving furniture during the month of April was an unusual physical exertion sustained at work which did not cause or precipitate his heart attack, then his denial of compensation would be proper because this conclusion would be supported by competent, substantial evidence in the record. However, if the deputy determined that the activities on the day of claimant's heart attack constituted unusual physical exertion, but that this unusual physical exertion was not medically causally related by Dr. Short's testimony, the deputy may well have overlooked pertinent cases of this court formulating the standard for medical causation.
Medical causal relationship between the strain or over-exertion and the heart attack must be within a reasonable medical probability. However, this reasonable medical probability may be established by either medical or lay testimony. Although lay testimony cannot be used to establish causal relationship within reasonable medical probability as to conditions and symptoms that are not readily observable, it is of probative value in establishing the sequence of events, actual inability or ability to perform work, pain, and similar factors within the actual knowledge and sensory experience of the claimant. McCall v. Dick Burns, Inc., 408 So.2d 787, 791-2 (Fla. 1st DCA 1982).
*866 Claimant had no prior history of hypertension or heart disease. He testified that after the events on the day of his heart attack, which he characterized as unusual strain, he suffered left arm pain and chest pain, together, which he had never experienced before. Dr. Short's testimony reflects that the activities engaged in by claimant on the day of his heart attack can precipitate a heart attack. As this court has noted, failure to use the magic words "reasonable medical probability" is not fatal. Castro v. Florida Juice Division, 400 So.2d 1280, 1282 (Fla. 1st DCA 1981). In McCall, 408 So.2d at 792, this court held that a doctor's testimony that a certain event "could have triggered" McCall's chest pains and myocardial infarction constituted sufficient evidence of medical causation. See also, Wallen v. Salon of Music, Inc., 418 So.2d 421 (Fla. 1st DCA 1982).
For the foregoing reasons, we reverse and remand to the deputy for further consideration in the light of this opinion, and for the entry of an order meeting the requirements of law. See Horse Haven v. Willit, 438 So.2d 123 (Fla. 1st DCA 1983).
REVERSED and REMANDED.
MILLS, J., concurs.
THOMPSON, J., dissents with opinion.
THOMPSON, Judge, dissenting.
I dissent. I would affirm the order of the deputy commissioner determining that the heart attack was not compensable.
There is no substantial competent evidence of a causal connection between the claimant's alleged strain or over-exertion and the heart attack. While it is true that it is not necessary to use the words "reasonable medical probability" to establish causal connection, it is necessary that the medical evidence be more than mere speculation or conjecture. Reasonable medical probability of a causal relationship cannot be established by lay testimony alone.
The only medical testimony which even remotely related the activities of the claimant to his heart attack was the testimony of Dr. Short who stated that the claimant's activities that day could cause a heart attack. This is a far cry from establishing causation within a reasonable medical probability. To hold such testimony sufficient to establish causation is contrary to the decisions of the Supreme Court and this Court in Kashin v. Food Fair, 97 So.2d 609 (Fla. 1957); Newman Heating & Boiler Repair, Inc. v. Newman, 418 So.2d 1008 (Fla. 1st DCA 1982), pet. for rev. den., 429 So.2d 7 (Fla. 1983); Wolbert, Saxon & Middleton v. Warren, 444 So.2d 511 (Fla. 1st DCA 1984); Aircraft Services, Inc. v. Bradley, 448 So.2d 1045 (Fla. 1st DCA 1984); and Sabre Marine v. Feliciano, 461 So.2d 985 (Fla. 1st DCA 1984). In Kashin the court held that medical testimony that Kashin was suffering from a cardiac condition which was, in the doctor's opinion, probably brought on by the loss of blood and shock at the time of the original injury and supplemented by inactivity following the injury was not sufficient to establish causation. In Newman, in response to questions whether claimant's back pain was related to his compensable knee problem, the claimant's treating physician testified "I believe it could be," and "I think it certainly could, yes." The court held this nebulous and speculative conclusion was insufficient to establish a causal relationship between the accident and claimant's back complaints. In Wolbert, the court held that medical evidence that the claimant's asthma attack could have been brought on by working under stress was insufficient to establish causation. In Sabre Marine the doctor's testimony that the claimant could have suffered an episode of thrombophlebitis as a result of her industrial accident and that the thrombophlebitis could have precipitated her causalgia was found to be speculative and insufficient to establish causation. In Aircraft Services the court held that the doctor's testimony that he thought and believed that stress is a factor in heart disease and that claimant was subjected to stress as a result of the industrial accident was not the equivalent of testimony that there was a reasonable medical probability that stress caused by or resulting *867 from the accident was the cause of claimant's heart attack.
Because there was a total absence of competent substantial medical evidence to support the deputy's conclusion that a causal relationship existed between the claimant's work related activities and his heart attack, I would affirm the deputy commissioner's order.