JOANOS, Judge.
C.A. Meyer Paving and Construction (Meyer) and The Travelers Insurance Company (Travelers) appeal the deputy commissioner’s determination that the results of a blood alcohol test were privileged under section 316.066(4), Florida Statutes, therefore, there was no lawful evidence that Billy Lee McFalls, the deceased employee, had a blood alcohol level of .10% or greater, and that had there been evidence of blood alcohol level in excess of .10%, there was sufficient competent evidence to rebut the presumption of section 440.09(3), Florida Statutes. We reverse.
Billy Lee McFalls died in a single vehicle, single occupant accident in the course and scope of his employment with Meyer on February 2, 1981. McFalls was returning to Orlando from Dade City, where he *913 picked up equipment parts, when the crash occurred. Officer Heath, Winter Garden Police Officer, conducted a criminal investigation, looking for the cause of the occurrence. Officer Nash, also a Winter Garden police officer, investigated the accident and prepared a Florida Traffic Accident Report dated the same date of the accident. Officer Heath testified that he requested an autopsy, the results to be used in the preparation of his report. An autopsy was performed the following day, with blood alcohol test results showing McFalls having a .196% blood alcohol level at the time of death. Dr. Gore, medical examiner, performed the autopsy. He testified that autopsies are routinely performed by the medical examiner’s office to determine the cause of death in all cases of unnatural death. Dr. Gore stated that standard medical practice required the victim’s blood, bile and urine be saved for blood alcohol estimation and detection of certain drugs. He also stated that the autopsy report is routinely provided to the investigating agency and that, although police officers could not recommend that certain tests be performed, the medical examiner’s office tried to accommodate them as much as possible. Testimonies reflected that McFalls showed no signs of alcohol consumption prior to his leaving for Dade City. Lester DuPont, equipment supervisor for Meyer, testified that he contacted the business where McFalls picked up the parts and talked to an unidentified man who related that McFalls seemed to be all right when the parts were loaded. No beer cans, liquor bottles or receipts were present in the vehicle.
Following the accident, death benefits were timely paid to McFalls’s widow, until May 10, 1982 when Meyer and Travelers controverted the claim based upon excessive blood alcohol content under section 440.09(3), Florida Statutes (1979). The deputy commissioner accepted McFalls’s widow’s argument that the accident report privilege of section 316.066(4), Florida Statutes, applied. The deputy commissioner, therefore, found there was no lawful evidence of intoxication. The deputy commissioner further found that even if there were evidence of blood alcohol in excess of .10%, sufficient competent evidence rebutted the presumption of section 440.09(3), Florida Statutes. The deputy commissioner cited evidence of McFalls’s proximity to his employer prior to this departure, showing no signs of intoxication or alcohol consumption; McFalls’s sobriety at the time he picked up the parts; the travel and delivery time showing no deviance from his employer’s instructions; the absence of alcoholic beverage containers or receipts in the vehicle; and the insufficient amount of time McFalls would have had to have consumed sufficient alcohol to achieve .196% blood alcohol content.
Section 316.066, Florida Statutes (1979), requires that the driver of a vehicle involved in an accident resulting in bodily harm forward a written report of the accident to the Department of Highway Safety and Motor Vehicles. The requirement is excused when an investigating officer makes a written report of the accident. Section 316.066(4) provides that “[a]ll accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting_ No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident ....” As recently held in Brackin v. Boles, 452 So.2d 540 (Fla.1984), the purpose of section 316.066(4) is to clothe with statutory immunity only such statements as the driver is compelled to make under section 316.066(1) and (2). The results of a blood alcohol test are not privileged, regardless of whether the taking of the test was directed by an investigating officer who prepared an accident report. Brackin, at 542.
Having found the blood alcohol test results admissible, the presumption of section 440.09 would preclude the award of benefits absent substantial evidence to the contrary. We cannot agree that there was substantial evidence to rebut the presumption of section 440.09(3). Co-workers’ testimonies that McFalls was not drinking on the morning of the accident and that no one *914 smelled alcohol on his breath before he departed for Dade City do not account for the time of over two and one-half hours before the accident occurred. The evidence of McFalls’s condition at the time of the pick-up was no more than hearsay from an unidentified source. The absence of alcoholic beverage containers or receipts for such could just as easily be interpreted to mean that McFalls was conscious of the fact that he was driving his employer’s truck, not a place to leave evidence of one’s indiscretions on the job. Finally, there was no evidence of the amount of alcohol or the attendant time that would be required to reach a .196% blood alcohol content.
Accordingly, the deputy commissioner’s order is REVERSED.
SHIVERS and THOMPSON, JJ., concur.