SMITH, Judge,
concurring in part and dissenting in part:
I agree with the majority’s disposition of the issue concerning admission of the results of the blood alcohol test. Having said that, however, I strongly disagree with the majority’s conclusion that the deputy commissioner erred in finding that the death of Bobby Meadows was not caused primarily by his intoxication. Competent, substantial evidence supports the deputy commissioner’s conclusion on this issue, and should mandate our affirmance of his order.
It is important to keep in mind the appropriate standard for our appellate review of a case such as this. It is a truism in workers’ compensation law, but one which bears repearing nonetheless, that our only concern is whether a deputy commissioner’s findings of fact are supported by competent, substantial evidence. Crowell v. Messana Contractors, 180 So.2d 329 (Fla.1965). The question of whether we, as a reviewing court, would have reached the same conclusion as the deputy commissioner “is not determinative of our inquiry” as to the sufficiency of the evidence supporting the deputy’s findings. Overholser Construction Co. v. Porter, 173 So.2d 697, 699 (Fla.1964). Rather, we may not reject these findings absent a clear showing of error. Tampa Bay Moving Systems, Inc. v. Frederick, 433 So.2d 628 (Fla. 1st DCA 1983). In examining these findings, we must view the facts in the light most favorable to the prevailing parties below, in this case, the claimant’s surviving widow and dependent child. B & B Cash Grocery Stores v. Wortman, 431 So.2d 171 (Fla. 1st DCA 1983), pet. for rev. den., 440 So.2d 351 (Fla.1983). Finally, the deputy’s factual findings, and the inferences derivable therefrom, must be upheld if permitted by any reasonable view of the evidence. Orange City Water Co. v. Barkley, 432 So.2d 698 (Fla. 1st DCA 1983).
Contrary to the majority’s opinion, the claimant’s rebuttal evidence was not confined to the “mere conclusion” by two witnesses that Meadows did not appear intoxicated, together with testimony that Meadows could “hold his liquor.” It is clear from the deputy’s order, as well as from the totality of the evidence adduced below, that the deputy commissioner did not make his ruling regarding the causation issue in a vacuum. Rather, the deputy weighed this evidence along with other evidence of record establishing Meadows’ appearance and actions on the day in question, as well as the testimony regarding the manner in which the accident occurred, in order to arrive at the ultimate finding of fact that Meadows’ death was not caused primarily by his intoxication. In overruling the deputy commissioner, the majority in effect usurps the fact-finder’s function.
In essence, the majority’s opinion, in holding that the evidence, as a matter of law, does not overcome Section 440.09(3)’s presumption, implies that the accident Meadows suffered is of the kind that does not occur in the absence of intoxication. The evidence adduced below as well as common knowledge belies any such notion as a viable statement of the law governing these circumstances. At the time of his death, Meadows was operating a forklift, a dangerous machine, in inherently dangerous surroundings where an accident could easily occur. There were no guardrails or other devices to either impede the movement of the forklift or serve as a warning of its dangerous proximity to the edge of the loading dock. See, R.P. Hewitt & Associates of Florida v. Murninghan, supra, at 355. Moreover, the deputy visited the scene of the accident and heard testimony from witnesses that Meadows was operating the forklift in an ordinary manner, with no evidence of horseplay, deviation from job requirements, nor any uncoordinated actions by Meadows indicative of intoxication. Finally, the testimony below established that Meadows attempted to leap from the forklift just prior to its fall off the loading dock, which the deputy was entitled to infer indicated Meadows’ aware *437 ness of his actions, rather than his being in an intoxicated stupor.
In effect, the majority has adopted a per se rule barring a claimant from recovering benefits any time his blood alcohol level is .10 or above, thereby attributing the claimant’s injury in all instances to his presumed intoxication. This view of the law regarding Section 440.09(3) is erroneous. The presumption contained in section 440.-09(3) is meant to serve as a device to protect an employer/carrier from the unfairness of paying benefits to a claimant with the requisite blood alcohol level where the producing cause of the accident is questionable, as where a claimant is injured in an unusual manner without any witnesses to the accident. This was precisely the situation involved in C.A. Meyer Paving and Construction v. McFalls by McFalls, 453 So.2d 912 (Fla. 1st DCA 1984), where the employee was killed in a single car accident with no direct evidence to establish what caused the accident, and no eye witness evidence to rebut the presumption of intoxication. Hence, the McFalls claimant had only circumstantial evidence to rebut the statutory presumption of intoxication, which this court found insufficient. Here, on the other hand, the deputy commissioner had before him direct evidence of how much Meadows drank prior to his accident, his tolerance for liquor, evidence of his appearance and actions during the entire working day, and whether or not he gave any indication by his appearance or actions that his control of the forklift was affected by intoxication at the time of the accident. See Ehrhardt, Florida Evidence, § 701.1 (2d Ed.1984) (upon proper predicate, lay testimony admissible, to prove intoxication or nonintoxication, in the form of observations as to physical appearance as well as opinions on intoxication). The abundance of evidence favorable to the claimants is especially significant when it is remembered that the issue is not simply whether there was evidence of intoxication, but whether the accident was “occasioned primarily” by intoxication. Section 440.09(3). Hence, it is clear that competent, substantial evidence supports the deputy’s finding that Meadows’ accident was not caused primarily by intoxication. See also Hacker v. St. Petersburg Kennel Club, 396 So.2d 161, 162 (Fla.1981) (“marginal” cases should be decided in claimant’s favor).
The issue of the admissibility of the blood alcohol test conducted on Meadows subsequent to his death was not preserved by appellees for appellate review. Nealy v. City of West Palm Beach, 442 So.2d 273 (Fla. 1st DCA 1983). Accordingly, I join in that part of the majority opinion. However, I dissent from the remainder of the opinion, and would affirm the order appealed from below in its entirety.